UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
GANESH KASILINGAM, Individually and on : Civil Action No. 1:20-cv-03459-PAC
Behalf of All Others Similarly Situated, :
: <u>CLASS ACTION</u>
Plaintiff, :
:
: MEMORANDUM OF LAW IN SUPPORT
vs. : OF MOTION FOR APPOINTMENT AS
: LEAD PLAINTIFF AND APPROVAL OF
TILRAY, INC., BRENDAN KENNEDY and : LEAD PLAINTIFF'S SELECTION OF
MARK CASTANEDA, : LEAD COUNSEL
:
Defendants. :
:
---------------------------------------------------------------- x

4831-7981-5611.v1

## TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ..................................................................................................................1

II. STATEMENT OF FACTS ...................................................................................................1

III. ARGUMENT........................................................................................................................2

    A.    Mr. Chabot Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff ...........................................................................................................2

        1.    Mr. Chabot's Motion Is Timely ..................................................................3

        2.    Mr. Chabot Has the Largest Financial Interest in the Relief Sought by the Class.....................................................................................................4

        3.    Mr. Chabot Is Typical and Adequate of the Putative Class.........................4

    B.    The Court Should Approve Mr. Chabot's Selection of Counsel ............................5

IV. CONCLUSION.....................................................................................................................9

4831-7981-5611.v1

**I.     INTRODUCTION**

This action is brought on behalf of purchasers of Tilray, Inc. ("Tilray" or the "Company") securities between January 15, 2019 and March 2, 2020 (the "Class Period") against the Company and two senior executive officers for alleged violations of the Securities Exchange Act of 1934 (the "1934 Act").[1]  In securities class actions, the Private Securities Litigation Reform Act of 1995 ("PSLRA") directs district courts to appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).

Douglas S. Chabot should be appointed lead plaintiff because he filed a timely motion, has a substantial financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Mr. Chabot's selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class should be approved.  15 U.S.C. §78u-4(a)(3)(B)(v).

**II.    STATEMENT OF FACTS**

Tilray engages in the research, cultivation, processing, and distribution of medical cannabis. The Company offers its products to patients, physicians, pharmacies, governments, and hospitals, and to researchers for commercial purposes, as well as compassionate access and clinical research applications.  On January 15, 2019, Tilray announced it had entered into a marketing and revenue sharing agreement with Authentic Brands Group ("ABG"), "an owner of a portfolio of global

---

[1] There is a substantially similar case pending in the Eastern District of New York, *Ganovsky v. Tilray, Inc.*, No. 1:20-cv-01240, filed on March 6, 2020.  Mr. Chabot is also filing a lead plaintiff motion in the *Ganovsky* action and, if appointed Lead Plaintiff, will seek to coordinate the actions in one forum.

- 1 -

lifestyle and entertainment brands" (the "ABG Agreement"). ECF No. 1 at ¶3. Tilray's common stock trades on the NASDAQ under the ticker symbol TLRY.

The complaint alleges that throughout the Class Period, defendants made materially false and misleading statements and/or failed to disclose that the purported advantages of the ABG Agreement were significantly overstated and that, foreseeably, the underperformance of the ABG Agreement would have a significant impact on the Company's financial results. As a result of this information being withheld from the market, Tilray securities traded at artificially inflated prices during the Class Period.

On March 2, 2020, Tilray issued a press release announcing the Company's financial results for the fourth quarter and full year 2019. Tilray reported a net loss for the year of $321.2 million, or $3.20 per share, compared to a net loss of $67.7 million, or $0.82 per share, for 2018. In addition, Tilray disclosed that "the Company recorded non-cash charges of $112.1 million related to impairment of the [ABG A]greement as well as $68.6 million in inventory reserves." ECF No. 1. at ¶5. On this news, the price of Tilray stock declined more than 15%, causing substantial harm to investors.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Mr. Chabot and other class members have suffered significant losses and damages.

### III.     ARGUMENT

#### A.     Mr. Chabot Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First,

"[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in the first-filed *Ganovsky* action was published on March 6, 2020. *See* Declaration of David A. Rosenfeld in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 475 (S.D.N.Y. 2011). Mr. Chabot meets these requirements and should be appointed Lead Plaintiff.

### 1. Mr. Chabot's Motion Is Timely

The March 6, 2020 statutory notice published in connection with the first-filed *Ganovsky* action advised putative class members of the pendency of the action, the claims asserted, the relevant time period, and the right to move the Court for appointment as lead plaintiff by May 5, 2020. *See* Rosenfeld Decl., Ex. A; 15 U.S.C. §78u-4(a)(3)(A). Because this motion is being timely filed by the statutory deadline, Mr. Chabot is eligible for appointment as lead plaintiff.

### 2. Mr. Chabot Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by his Certification, Mr. Chabot purchased 7,500 shares of Tilray stock during the Class Period and suffered approximately $286,959 in losses as a result of defendants' alleged misconduct. *See* Rosenfeld Decl., Exs. B, C. To the best of his counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, Mr. Chabot meets the PSLRA's prerequisite of having the largest financial interest.

### 3. Mr. Chabot Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this stage of the litigation, courts focus on the typicality and adequacy requirements. *Richman*, 274 F.R.D. at 479. The typicality requirement of Rule 23 "is satisfied when the claims of the proposed lead plaintiff 'arise from the same conduct from which the other class members' claims and injuries arise.'" *Id*. (citation omitted). The adequacy requirement of Rule 23 is satisfied where "(1) the class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the interests of the class members are not antagonistic to one another; and (3) the lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy.'" *Id*. (citation omitted).

Mr. Chabot satisfies the typicality requirement because, just like all other class members, he: (1) purchased Tilray securities during the Class Period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages thereby. In addition, Mr. Chabot is an adequate representative of the class because his interests are aligned with the interests of the putative class and there is no evidence of any antagonism between Mr. Chabot's interests and the class's interests. Mr. Chabot's substantial loss provides the requisite interest to ensure vigorous advocacy. Mr. Chabot has amply demonstrated his adequacy by signing a sworn Certification and a Declaration

affirming his willingness to serve as, and to assume the responsibilities of, class representative. *See* Rosenfeld Decl., Exs. B, D. Mr. Chabot's Declaration – which sets forth his age, residence, education, professional background, investment experience, and his other qualifications to serve as a lead plaintiff, including his experience serving as a lead plaintiff in other PSLRA cases – establishes his *prima facie* adequacy showing and enables the Court and absent class members to independently assess Mr. Chabot's ability to satisfy Rule 23's prerequisites. *See* Rosenfeld Decl., Ex. D. Finally, as explained below, Mr. Chabot has selected experienced and qualified counsel, further evidencing his ability to fairly and competently represent the interests of the putative class.

Because Mr. Chabot filed a timely motion, has a large financial interest in the relief sought by the class, and demonstrated his typicality and adequacy, the Court should adopt the presumption that he is the "most adequate plaintiff."

### B. The Court Should Approve Mr. Chabot's Selection of Counsel

The PSLRA provides that the most adequate plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. §78u-4(a)(3)(B)(v); *see also Richman*, 274 F.R.D. at 479. Here, Mr. Chabot has selected Robbins Geller to serve as Lead Counsel for the proposed class.

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[2] Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins

---

[2] For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com. A paper copy of the Firm's resume is available upon the Court's request, if preferred.

- 5 -

Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, Transcript at 55 (S.D.N.Y. Jan. 21, 2020) (Hellerstein, J.) (concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller]. At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783, ECF No. 243 at 10-11 (S.D.N.Y. May 2, 2016) (Preska, J.) (concerning Robbins Geller's role as sole lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers. They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law. I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute. . . . Counsel, you can all be proud of what you've done for your clients. You've done an extraordinarily good job."); *Jones v. Pfizer, Inc.*, No. 1:10-cv-03864-AKH, ECF No. 502 at 42-43 (S.D.N.Y. July 30, 2015) (Hellerstein, J.) (commending Robbins Geller for its work in achieving $400 million settlement on the eve of trial: "Without the quality and the toughness that you have exhibited, our society would not be as good as it is with all its problems. So from me to you is a vote of thanks for devoting yourself to this work and doing it well. . . . You did a really good job. Congratulations.").

Notably, in the first few months of 2020 alone, Robbins Geller has recovered more than $2.5 billion on behalf of investors in securities class action cases, including $1.02 billion in *Am. Realty*, $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) (pending final approval), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC

(D. Ariz.) (pending final approval).  Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865- AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[3]

Robbins Geller's ability and willingness to vigorously protect the interests of the putative class was recently demonstrated on April 7, 2020, when the Firm obtained its second appellate victory in *In re Goldman Sachs Grp., Inc. Sec. Litig.*, where the Second Circuit rejected Goldman Sachs' argument that the inflation-maintenance theory for demonstrating price impact is only available to plaintiffs in "special circumstances," and upheld this Court's finding that Goldman Sachs failed to rebut by a preponderance of evidence the presumption that shareholders relied on Goldman Sachs' statements about its corporate integrity in choosing to purchase Goldman Sachs stock at the market price.  *Arkansas Teacher Ret. Sys. v. Goldman Sachs Grp., Inc*., 955 F.3d 254, 267 (2d Cir. 2020).

---

[3] *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc*., No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, Mr. Chabot's selection of Robbins Geller as Lead Counsel is reasonable and should be approved.

## IV. CONCLUSION

Mr. Chabot has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Mr. Chabot respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Lead Counsel.

DATED: May 5, 2020

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
 & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 5, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

    s/ David A. Rosenfeld
    DAVID A. ROSENFELD

    ROBBINS GELLER RUDMAN
        & DOWD LLP
    58 South Service Road, Suite 200
    Melville, NY  11747
    Telephone:  631/367-7100
    631/367-1173 (fax)

    E-mail:  drosenfeld@rgrdlaw.com

4831-7981-5611.v1

# Mailing Information for a Case 2:20-cv-01240-SJF-AKT Ganovsky v. Tilray, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Alan R. Arkin**
  alarkin@arkin-law.com

- **Javier Bleichmar**
  jbleichmar@bfalaw.com

- **Peretz Bronstein**
  peretz@bgandg.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com,tcrockett@pomlaw.com

- **Douglas W Greene**
  dgreene@bakerlaw.com,agougisha@bakerlaw.com,bhlitdocket@bakerlaw.com

- **J. Alexander Hood**
  ahood@pomlaw.com,tcrockett@pomlaw.com,abarbosa@pomlaw.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Kim Elaine Miller**
  kim.miller@ksfcounsel.com,kimmiller225@yahoo.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`