UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
GANESH KASILINGAM, Individually and : 
on Behalf of All Others Similarly Situated, :
 :
              *Plaintiff*, :
 :
        -against- :   1:20-cv-03459-PAC
 :
TILRAY, INC., BRENDAN KENNEDY, :   **OPINION & ORDER**
and MARK CASTANEDA, :
 :
              *Defendants*. :
------------------------------------------------------------- x

HONORABLE PAUL A. CROTTY, United States District Judge:

    Four competing motions for appointment as lead plaintiff are now before the Court in this putative securities class action, filed by Saul Kassin ("Kassin"), the Tilray Investor Group ("TIG"), Brett Mitchell and Nancy Nguyen ("Mitchell," "Nguyen"), and Douglas Chabot ("Chabot"). Each movant also puts forward its own selected counsel for appointment as lead or co-lead counsel for the class.

    Kassin's motion to be appointed lead plaintiff and for the Rosen Law Firm, P.A., to be appointed lead counsel is GRANTED, as he is the plaintiff with the largest financial interest and otherwise satisfies the statutory requirements. The lead plaintiff and lead counsel motions filed by TIG, Mitchell and Nguyen, and Chabot are DENIED. The motions by the other plaintiffs are deemed abandoned or DENIED as moot.

## BACKGROUND

    According to the Complaint, Tilray is a company headquartered in Toronto, Canada that researches, cultivates and processes medical cannabis, distributing its products to patients, physicians, hospitals and pharmacies. Dkt. 1 ¶ 2. As relevant to the allegations in this case,

Tilray issued a press release on January 15, 2019 in which it announced that it had entered into a marketing and revenue sharing agreement (the "ABG Agreement") with Authentic Brands Group LLC ("ABG"), which itself owns "a portfolio of global lifestyle and entertainment brands." *Id.* ¶ 3.

The Plaintiffs here allege that Tilray made false or misleading statements by "significantly overstat[ing]" the "purported advantages" of the ABG Agreement and failing to disclose that "the underperformance of the ABG Agreement would foreseeably have a significant impact on the Company's financial results." *Id.* ¶ 4.  Tilray issued a press release on March 2, 2020 with its financial results for the fourth quarter and all of 2019 in which it disclosed an annual net loss of $321.2 million (compared to $67.7 million for 2018) and took non-cash charges of $112.1 million "related to impairment of the [ABG Agreement]" and $68.6 million in inventory reserves. *Id.* ¶ 5.  The company's stock price subsequently fell 15.18 percent, or $2.33 per share, and closed at $13.02 on March 3. *Id.* ¶ 6.

A putative class-action suit was filed on March 6, 2020 in the Eastern District of New York.  *See Ganovsky v. Tilray, Inc.*, No. 2:20-cv-01240-SJF-AKT, Dkt. 1 (E.D.N.Y. Mar. 6, 2020).  That suit was voluntarily dismissed on May 27.  Dkts. 55, 58.  Notice to prospective class members in connection with that suit was published on Globe Newswire on March 6, providing a deadline of May 5 to move for appointment as lead plaintiff and lead counsel.  Pomerantz LLP, *Pomerantz Law Firm Announces the Filing of a Class Action against Tilray, Inc. and Certain Officers—TLRY*, GLOBE NEWSWIRE (Mar. 6, 2020, 4:02 PM).

Eleven individuals or groups initially moved for appointment as lead plaintiff, and four now remain for the Court's consideration:[1] Chabot, TIG,[2] Mitchell and Nguyen, and Kassin. Dkts. 23, 27, 34, 36, 62, 63, 65–67. The "financial interest in the relief sought" for each party, in descending order, is: (1) Kassin, $2,324,266.59; (2) TIG, $1,043,150.76; (3) Mitchell and Nguyen, $948,929.52; and (4) Chabot, $286,959.49. Dkt. 25, Ex. C, at 1; Dkt. 29, Ex. B, at 7; Dkt. 38, Ex. C, at 2; Dkt. 39, Ex. 3, at 3.

## DISCUSSION

### I. Appointment of Lead Plaintiff

#### A. Standard

The Private Securities Litigation Reform Act ("PSLRA") provides that in a securities class action the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). "Courts presume that the most adequate plaintiff is the plaintiff who: (1) has either filed a complaint or moved to be named lead plaintiff, (2) has the largest financial interest in the relief sought, and (3) satisfies the requirements of Federal Rule of Civil Procedure 23." *Jurkowski v. Molycorp, Inc.*, 13 Civ. 5697 (PAC), 13 Civ. 5943 (PAC), 2014 WL 12792750, at *2 (S.D.N.Y. Apr. 2, 2014) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)). Federal Rule of Civil Procedure 23 requires that the class

---

[1] Four movants filed notices of non-opposition to the competing motions and two movants have filed notices of withdrawal. Dkts. 52–54, 59, 61, 71. One movant, Dkt. 41, failed to respond and that investor group is therefore considered to have abandoned its motion. *See Teran v. Subaye, Inc.*, 11 Civ. 2614 (NRB), 11 Civ. 3886 (NRB), 2011 WL 4357362, at *2 n. 2 (S.D.N.Y. Sept. 16, 2011).

[2] TIG is composed of five individual investors: Christine Thielen, Esteban Torbar, Dun Wang, Thomas Rigsbee, and Margoret Silveira. Dkt. 27.

representative have "claims or defenses [that] are typical of the claims or defenses of the class," and that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

The PSLRA establishes a rebuttable presumption "that the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). "'Once . . . the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements.'" *Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) (quoting *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)). *See also Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 535–36 (S.D.N.Y. 2015). "[T]ypicality and adequacy of representation are the only provisions [of Rule 23] relevant to [that] determination," and only a "preliminary showing" of each is required. *City of Monroe Emps. Ret. Sys. v. Hartford Fin. Servs. Grp.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010). *See also Omdahl v. Farfetch Ltd.*, No. 19-cv-8657 (AJN), 2020 WL 3072291, at *3 (S.D.N.Y. June 10, 2020).

Neither the Supreme Court nor the Second Circuit has laid out a test to determine the plaintiff with the largest financial interest, but courts in this District may "look[] to (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered," with many courts placing the greatest emphasis on the last of these factors. *In re Fuwei Films Secs. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008).

"When appointing a lead plaintiff, a court should only consider whether the movant has made a *prima facie* showing that the requirements of Rule 23 would be satisfied." *Jurkowski*,

2014 WL 12792750, at *2.  The presumption in favor of a plaintiff who is otherwise "most adequate" for purposes of the statute may be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)–(II).

**B. Application**

In this case, Kassin is presumptively the most adequate plaintiff because he filed a timely motion, has the largest financial interest in the relief sought by the class, and has made a preliminary showing of adequacy and typicality.  None of the other movants contradict Kassin's assertion that he has the largest financial interest (TIG and Mitchell and Nguyen explicitly concede this point); instead, all three contend that Kassin fails as the most adequate plaintiff on adequacy grounds.  Dkt. 62, at 1; Dkt. 63, at 2; Dkt. 65, at 2.  Kassin's "financial interest" here is more than twice that of TIG, the movant with the second-greatest interest.  So, having determined that Kassin has the largest financial outcome here, the Court will consider other movants as potential lead plaintiffs only if it finds that Kassin fails to satisfy the requirements of Federal Rule of Civil Procedure 23.  *See Cohen v. Luckin Coffee Inc.*, No. 1:20-cv-01293-LJL, 2020 WL 3127808, at *2 (S.D.N.Y. June 12, 2020).

Here, those two criteria also are in Kassin's favor.  His claims are typical of those in the prospective class, arising from the same alleged conduct and the same legal theory of the Defendant's alleged liability.  *R.I. Laborers' Pension Fund v. FedEx Corp.*, 19-CV-5990 (RA), 19-CV-6183(RA), 2019 WL 5287997, at *2 (S.D.N.Y. Oct. 18, 2019).  The required preliminary showing of adequacy has likewise been met because Kassin has selected counsel "qualified, experienced, and generally able to conduct the litigation," he has no conflict with the other class

5

members, and his financial interest is sufficient to ensure "vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011).

The other movants contend that the presumption in favor of Kassin is rebutted here because Kassin has not in their view provided sufficient personal information to demonstrate his adequacy. Dkt. 62, at 1 n. 2; Dkt. 63, at 2; Dkt. 65, at 3; Dkt. 67, at 3. On Reply, Kassin submits a declaration with personal information including his age, state of residence, business experience, and investment experience. Dkt. 66, Ex. A. But the Court is not required to peer into these questions where it otherwise finds adequacy. *Omdahl*, 2020 WL 3072291, at *3.

## II. Approval of Lead Counsel

The most adequate plaintiff, here Kassin, is presumptively entitled to the appointment of his choice of counsel as lead counsel for the class. 15 U.S.C. § 78u-4(a)(3)(B)(v). Kassin has retained the services of the Rosen Law Firm, P.A., which has provided a detailed résumé listing its experience litigating class-action securities lawsuits as lead or co-counsel. Dkt. 39, Ex. 4, at 8–49. The Court therefore approves the Rosen Law Firm, P.A., as lead counsel. *See Sallustro v. Cannavest Corp.*, 93 F. Supp. 3d 265, 279 (S.D.N.Y. 2015) (approving lead plaintiff's selection based on detailed résumé for firm's attorneys and its experience serving as lead or co-counsel).

## **CONCLUSION**

Kassin's motion to be appointed lead plaintiff and for the Rosen Law Firm, P.A. to be approved as lead counsel is GRANTED. The lead plaintiff and lead counsel motions filed by TIG, Mitchell and Nguyen, and Chabot are DENIED. The motions by the other plaintiffs are deemed abandoned or DENIED as moot. The Clerk of Court is directed to close the motions at Dkts. 10, 18, 19, 23, 27, 30, 34, 36, 40, 41, and 47.

Dated: New York, New York
      August 6, 2020

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge