**THE ROSEN LAW FIRM, P.A.**
Jonathan Horne (JH 7258)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Lead Counsel for Lead Plaintiff and the putative Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GANESH KASILINGAM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br><br>v.<br><br><br>TILRAY, INC., BRENDAN KENNEDY, and MARK CASTANEDA,<br><br>Defendants. | **CASE No.: 1:20-cv-03459-PAC**<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' REQUEST FOR REVIEW AND MOTION TO DISMISS**<br><br><br>**CLASS ACTION** |

**TABLE OF CONTENTS**

I.    INTRODUCTION.................................................................................................... 1

II.   ARGUMENT......................................................................................................... 1

  A.   The Cases Defendants Cite Address What Inferences Courts Can Draw From Facts
       Properly Before Them, They Do Not Expand the Scope of Facts Properly Before the
       Court ................................................................................................................... 1

  B.   The Court Cannot Take Judicial Notice That Defendants Relied On Accounting
       Experts ............................................................................................................... 5

  C.   The Court Cannot Take Judicial Notice of the Supposed Fact That Defendants'
       Allegedly False Statements Were Just What All Folks Knew and Believed ............... 6

  D.   The Court Cannot Take Judicial Notice That Defendants Valued A Pile of
       Marijuana Plant Waste As Inventory In 2019 Because They Thought It Would Be
       Worth Something in 2020 (Which Also Violates GAAP)............................................. 8

  E.   The Court Cannot Rely on the Documents Defendants Cite For the Truth of Their
       Contents ............................................................................................................. 8

III.  CONCLUSION ..................................................................................................... 8

## TABLE OF AUTHORITIES

**Pages**

**Cases**

*Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*,
   No. 19 CIV. 10067 (PAE), 2020 WL 4734989 (S.D.N.Y. Aug. 14, 2020) ............................... 2

*City of Austin Police Ret. Sys. v. Kinross Gold Corp.*,
   957 F. Supp. 2d 277 (S.D.N.Y. 2013) ................................................................................... 7

*City of Warren Police & Fire Ret. Sys. v. World Wrestling Entm't Inc.*,
   No. 20-CV-2031 (JSR), 2020 WL 4547217 (S.D.N.Y. Aug. 6, 2020) ...................................... 3

*Colbert v. Rio Tinto PLC*,
   824 F. App'x 5 (2d Cir. 2020) ................................................................................................ 2

*Employees' Ret. Sys. of Gov't of the Virgin Islands v. Blanford*,
   794 F.3d 297 (2d Cir. 2015) ................................................................................................... 2

*In re Mylan N.V. Sec. Litig.*,
   No. 16-CV-7926 (JPO), 2020 WL 1673811 (S.D.N.Y. Apr. 6, 2020) .............................. 4, 5, 6

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) .................................................................................................. 4

*Lea v. TAL Educ. Grp.*,
   No. 19-3549, 2020 WL 6937475 n.3 (2d Cir. Nov. 25, 2020) .................................................. 5

*Novak v. Kasaks*,
   216 F.3d 300 (2d Cir. 2000) ................................................................................................... 3

*Nutriband, Inc. v. Kalmar*,
   No. 19CV2511NGGSJB, 2020 WL 4059657 (E.D.N.Y. July 20, 2020) .................................... 2

*Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*,
   575 U.S. 175, 135 S. Ct. 1318, 191 L. Ed. 2d 253 (2015) ....................................................... 3

*Roth v. Jennings*,
   489 F.3d 499 (2d Cir. 2007) ................................................................................................... 2

*Setzer v. Omega Healthcare Inv'rs, Inc.*,
   968 F.3d 204 (2d Cir. 2020) ................................................................................................... 1

*Staehr v. Hartford Fin. Servs. Grp., Inc.*,
   547 F.3d 406 (2d Cir. 2008) ................................................................................................... 2

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007) .................................................... 1, 2

*Tongue v. Sanofi*,
   816 F.3d 199 (2d Cir. 2016)...................................................................................................... 3

*Whitman v. Am. Trucking Associations*,
   531 U.S. 457, 121 S. Ct. 903, 149 L. Ed. 2d 1 (2001) ............................................................. 3

## **Rules**

Fed. R. Evid. 201 ................................................................................................................... 2, 3

## I.    INTRODUCTION

Defendants argue that the Court must, on a motion to dismiss, reject the Complaint's allegations and instead consider the facts Defendants allege. Arguing that the Court can take judicial notice of certain documents in deciding a motion to dismiss (true), Defendants declare without argument that the Court can assume the "facts" stated in those documents are true (false). Defendants also sprinkle their argument with "facts" for which they provide no source – facts they might well have simply invented, as some of them are demonstrably false. Finally, Defendants ask the Court to take judicial notice of their own statements for the truth of their contents – including the very statements the Complaint alleges are false. Were the Court to adopt the rule Defendants press, nothing short of an unequivocal confession – "the statements I made were deliberately false" – would suffice to show scienter.

No surprise, then, that the Supreme Court, the Second Circuit, and too many opinions in this District to count, have all rejected Defendants' argument.

## II.    ARGUMENT

**A.  The Cases Defendants Cite Address What Inferences Courts Can Draw From Facts Properly Before Them, They Do Not Expand the Scope of Facts Properly Before the Court**

The Supreme Court has held that "faced with a Rule 12(b)(6) motion to dismiss a § 10(b) action, courts must, as with any motion to dismiss for failure to plead a claim on which relief can be granted, ***accept all factual allegations in the complaint as true***."[1] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). In August 2020, as it does every time it has occasion to, the Second Circuit held that "[a] complaint will survive 'only if a reasonable person would deem

---

[1] Unless otherwise noted, all emphases are added and quotations omitted. Citations to "Pl. Opp. _" are to pages of Plaintiffs' Opposition to Defendants' motion to dismiss, filed herewith. Citations to "RJN _" are to pages of Defendants' Request for Full Context Review and/or Judicial Notice, dkt. # 84.

1

the inference of scienter cogent and at least as compelling as any opposing inference one could draw **from the facts alleged.**'" *Setzer v. Omega Healthcare Inv'rs, Inc.*, 968 F.3d 204, 212 (2d Cir. 2020).

While courts may take judicial notice of certain documents under Federal Rule of Evidence 201, or find that they are incorporated by reference, even in securities cases they cannot do so "for the truth of the facts asserted." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007); *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008). The Second Circuit continues to recognize the prohibition in securities cases like this one, *Colbert v. Rio Tinto PLC*, 824 F. App'x 5, 11 (2d Cir. 2020), as do district judges in this Circuit. *Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*, No. 19 CIV. 10067 (PAE), 2020 WL 4734989, at *1 (S.D.N.Y. Aug. 14, 2020) ("The Court has considered these documents 'not for the truth of the matters asserted therein,' but only 'for the fact that the statements were made.'"); *Nutriband, Inc. v. Kalmar*, No. 19CV2511NGGSJB, 2020 WL 4059657, at *11 (E.D.N.Y. July 20, 2020) (declining to resolve factual questions raised by facts stated in documents defendants proffered because "court may take judicial notice of SEC filings at motion to dismiss stage, but only for non-hearsay purposes.").

Defendants' argument to the contrary misreads *Tellabs*, as well as *Omnicare* and its progeny. Both cases suggest that courts may consider plausible inferences suggested by facts courts **may** consider, including those drawn from judicial notice or incorporation by reference. Neither, however, recognizes new sources for these facts. In particular, neither expands the scope of judicial notice or incorporation by reference. *Tellabs* says so explicitly. *Tellabs, Inc.*, 551 U.S. at 322 ("courts must consider the complaint in its entirety, as well as **other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss**, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial

2

notice."). So do Second Circuit and District Court cases relying on it. *Employees' Ret. Sys. of Gov't of the Virgin Islands v. Blanford*, 794 F.3d 297, 307 (2d Cir. 2015) (an "explanation for the [] inventory spike that [Defendants] offers is entitled to little weight at this stage of litigation, when we must 'accept all factual claims in the complaint as true and draw all reasonable inferences in the plaintiff's favor.'"); *City of Warren Police & Fire Ret. Sys. v. World Wrestling Entm't Inc.*, No. 20-CV-2031 (JSR), 2020 WL 4547217, at *9 (S.D.N.Y. Aug. 6, 2020) ("While defendants counter that McMahon only sold this stock to fund the creation of an additional sports league, Deft. Mem. at 36, this alternative explanation merely raises a factual dispute that the Court must resolve in plaintiff's favor at this stage and is therefore not enough to defeat this inference of scienter."). Indeed, while Defendants attribute the changes to the PSLRA, the Second Circuit has held it adopted the Second Circuit's pre-PSLRA pleading standard. *Novak v. Kasaks*, 216 F.3d 300, 311 (2d Cir. 2000).

*Omnicare* mentions, in passing, that investors take into account the "customs and practices of the relevant industry." *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 190 (2015). But it does not purport to say anything about how such practices and customs may be proven. Had the Supreme Court intended to overturn the fundamental principles that courts don't resolve factual issues on motions to dismiss by considering whatever facts a defendant supplies in documents for which it seeks judicial notice, it would have at least *mentioned* Federal Rule of Evidence 201. *Cf. Whitman v. Am. Trucking Associations*, 531 U.S. 457, 468, 121 S. Ct. 903, 909–10, 149 L. Ed. 2d 1 (2001) (Congress "does not hide elephants in mouseholes."). The Second Circuit's subsequent opinion in *Tongue v. Sanofi* shows *Omnicare* did not fundamentally alter the scope of pleading. There, the Second Circuit found that the "customs and practices of" the pharmaceutical industry involve a dialogue between the FDA and drug sponsors.

*Tongue v. Sanofi*, 816 F.3d 199, 211 (2d Cir. 2016). But it is the court's ample experience that allowed it to conclude the fact was "generally known within the trial court's territorial jurisdiction": it cited another judicial opinion rather than any materials the parties had presented. *Id.* Courts spend enough time with cases involving FDA approval to know absolutely basic principles of such approval, like that the FDA and sponsors talk to each other, with near certainty. Nothing in either *Omnicare* or *Sanofi* allows the Court to reach the necessary level of certainty about the general contours of cannabis companies in 2019 by, as Defendants maintain, reading a couple of articles and statements about the pot industry.

Arguments like Defendants' are part of a "concerning pattern in securities cases like this one: exploiting [judicial notice and incorporation by reference] improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). "If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Id.* at 899. And while Defendants claim that courts can take judicial notice of documents for the truth of their contents in securities cases but not in others, the "risk [of misusing judicial notice] is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access." *Id.*

A recent opinion in a Section 10(b) case by Judge Oetken illustrates the proper use of judicial notice. There, drug manufacturer Mylan argued that its sudden price increases resulted not from price fixing but from increased pricing power resulting from a reduction in its competitors' supply. *In re Mylan N.V. Sec. Litig.*, No. 16-CV-7926 (JPO), 2020 WL 1673811, at *5 (S.D.N.Y.

Apr. 6, 2020). Mylan sought judicial notice of an FDA Import Alert noting that it had banned imports from three Indian facilities of its competitor Wockhardt's. Judge Oetken found that all he could take judicial notice of was that the FDA had issued such an alert, not whether imports from these facilities were actually banned, nor whether they made the Mylan competitor product, nor whether Wockhardt made the competitive product, nor even that Wockhardt was a competitor. *Id.* Courts do not assume the facts that connect a bare statement in a document subject to judicial notice to a full-fledged explanation of a complex market or reality under the guise of awarding non-culpable inferences.

Additionally, courts may not take judicial notice or rely on documents that are not available to plaintiffs. *Lea v. TAL Educ. Grp.*, No. 19-3549, 2020 WL 6937475, at *3 n.3 (2d Cir. Nov. 25, 2020) (declining to take judicial notice of non-public contracts).  Here, in many cases, Defendants do not offer documents that are available to Plaintiffs: they simply assert that certain allegations in the Complaint are not true or make factual representations. If courts dismiss a pre-discovery complaint every time a defendant assert the claim raised against it has no merit, they might as well get out of the business of judging.

## B. The Court Cannot Take Judicial Notice That Defendants Relied On Accounting Experts

Defendants seek judicial notice of documents that, they say, show they consulted experts in preparing financial statements and otherwise making public statements. For this, Defendants offer two types of documents: (a) a press release stating that Tilray had retained a financial advisor in connection with the ABG Agreement, and (b) portions of Tilray's 2018 and 2019 10-Ks, neither of which mention the use of experts before the 2019 10-K. The Court can take judicial notice that the statements Defendants point to were made, but it cannot go further. *Mylan*, 2020 WL 1673811, at *5. As to the press release – the only document that actually mentions an expert – the Court

cannot assume that Tilray actually hired a financial advisor; that the financial advisor's job was to tell Tilray whether the ABG Agreement was a good deal (as opposed to providing negotiating advice); that the financial advisor actually told Tilray that the ABG Agreement was a good deal (Tilray does not claim it received a fairness opinion, for example); that the financial advisor arrived at its own financial projections (rather than relying on Tilray's, which would likely be necessary given that the financial advisor had mere days in which to do its work). Without these facts, the Court can make nothing of the claim that Tilray hired experts. *See Mylan*, 2020 WL 1673811, at *5 (even if it took judicial notice, the court "had only Mylan's say-so" that Wockhardt was a competitor).

And the Court cannot read statements into the 10-Ks that were not made therein. Neither claims any experts – or any third parties – were involved in valuing Tilray's inventory or the ABG Agreement before the 2019 10-K. While it would have been irresponsible – reckless, even – not to consult such experts, the Complaint alleges that Defendants made their false statements at least recklessly. The Court cannot simply ***assume*** that the defendants made good-faith accounting judgments in a case which charges them with accounting fraud.

### C. The Court Cannot Take Judicial Notice of the Supposed Fact That Defendants' Allegedly False Statements Were Just What All Folks Knew and Believed

Defendants offer for the Court documents concerning trends in the market:

- A statement from FDA Commissioner Scott Gottlieb in 2018 stating vaguely that the FDA would consider whether to create lawful avenues but that CBD could not be lawfully be marketed with therapeutic claims or added to any foods even after the 2018 Farm Bill and would continue to be prosecuted as such;
- Two media reports noting that certain companies were selling CBD topical products;
- An April 2019 notice that the FDA would hold a hearing on CBD, which notice repeated the statements about CBD's illegality and stated that the FDA continued to take enforcement action against entities that marketed CBD with therapeutic claims or incorporated it into foods and raised health concerns about CBD, and noted that CBD had serious side-effects including "a potential for liver damage", "somnolence", "lethargy",

and "hyperactivity." The FDA noted that it "does not intend for this hearing to produce any decisions or new positions on specific regulatory questions."

- A July 2019 statement which repeated that the FDA continued to take enforcement actions against companies that marketed CBD with therapeutic claims or added it to foods and raised the same health concerns, and repeated the safety hazards identified in the April 2019 notice of hearing; and
- A November 2019 announced that the FDA had issued warnings to companies that made therapeutic claims about CBD or added it to foods.

From this, Defendants ask the Court to find that:

[T]he industry gradually transitioned from euphoric optimism early in 2019 to more measured enthusiasm as FDA [regulatory] review dragged on, and then increasing uncertainty late in the year when the FDA still had not identified a path forward and ultimately signaled, at the end of November, that it might not do so for some time.

The Court can make no such finding. First, "the industry's general impression of the likelihood of regulation" is far too abstract for judicial notice. Second, specific facts about specific industries at specific points in time are not "well-publicized fact[s] of which an average investor would be aware" nor "'generally know' within this Court's jurisdiction." *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 288 (S.D.N.Y. 2013) (refusing to take judicial notice that there were price increases in 2011 in gold mining industry). And third, the documents do not support Defendants' claims. In December 2018, the FDA told the market that hemp-derived CBD was still illegal as an additive, that it would continue to prosecute manufacturers who adulterated foods with it, and that it would explore pathways to legalization. It spent 2019 doing exactly that. It told Defendants in April 2019 that CBD had dangerous side-effects, and repeated the claim in July 2019. Defendants ask the Court to assume that the entire industry succumbed to magical thinking and assumed that the FDA would, overnight, fully legalize marketing and sale of a class of products heretofore labelled as narcotics. They claim the industry, including sophisticated retailers like Whole Foods, ignored the FDA's guidance that CBD had dangerous side-effects until the FDA placed them in a specific document. Defendants may be able to establish

the collective delusion at summary judgment, but they cannot presume its existence on a motion to dismiss.

Thus, Tilray's documents undermine its claims.

**D. The Court Cannot Take Judicial Notice That Defendants Valued A Pile of Marijuana Plant Waste As Inventory In 2019 Because They Thought It Would Be Worth Something in 2020 (Which Also Violates GAAP)**

The Complaint alleges that Defendants fraudulently placed a greater than $40 million on a pile of worthless marijuana plants leaves, stalks, twigs, and stems. Defendants assert that the pile was not worthless but that, instead, they anticipated Tilray would be able to extract THC from the pile to use in THC-containing edibles when they became legal in Canada in December 2019. For this, Defendants cite their own after-the-fact statement supplemented by bare assertions.

Ironically, even if true, Defendants' statements would still be false because GAAP does not permit a company to recognize currently worthless products as inventory based on the expectation that a market will develop for their sale. Pl.Opp. 13-15. Yet the Court cannot, on a motion to dismiss, accept the facts Defendants believe to be exculpatory as true. To do so, the Court would have to accept a statement Defendants intended to be self-serving for the truth of its contents.

**E. The Court Cannot Rely on the Documents Defendants Cite For the Truth of Their Contents**

The foregoing are only some of the instances in which Defendants seek judicial notice of documents for the truth of their contents. The Court cannot rely on the documents Defendants cite in any other instance.

## III.  CONCLUSION

There is no principle more fundamental to motions to dismiss than that they are not to be used to resolve factual disputes.  Defendants read certain words in *Tellabs* and *Omnicare* to reverse

this principle, but they misstate both cases' holdings and ignore controlling authority that precisely refuted the point they tried to make. Because there is no such thing as a "Full Context Review" on a motion to dismiss that includes whatever facts counsel fancy would help their case, the Court should deny Defendants' request and deny their motion to dismiss.

Dated: January 25, 2021                     Respectfully submitted,

                                            **THE ROSEN LAW FIRM, P.A.**

                                            /s/ Jonathan Horne
                                            Jonathan Horne (JH 7258)
                                            Laurence M. Rosen, Esq. (LR 5733)
                                            275 Madison Avenue, 40th Floor
                                            New York, New York 10016
                                            Telephone: (212) 686-1060
                                            Fax: (212) 202-3827
                                            Email: jhorne@rosenlegal.com
                                            Email: lrosen@rosenlegal.com

                                            *Lead Counsel for Lead Plaintiff and Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 25, 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>/s/Jonathan Horne</u>

10