**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GANESH KASILINGAM, individually and
on behalf of all others similarly situated,

                          Plaintiff,

- against-

TILRAY, INC., BRENDAN KENNEDY,
and MARK CASTANEDA,

                          Defendants.

Case No. 20-cv-03459 (PAC) (KNF)

**REPLY IN FURTHER SUPPORT OF THE DEFENDANTS'**
**REQUEST FOR FULL CONTEXT REVIEW AND/OR**
**JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION**
**TO DISMISS THE AMENDED COMPLAINT**

Plaintiffs do not dispute that the Court may properly consider each document offered by Defendants when evaluating the sufficiency of the Plaintiffs' Amended Complaint. As discussed in Defendants' opening brief, the Court's consideration of these documents is required by federal substantive securities law and permitted by federal procedural rules. While these documents are not necessary to the success of Defendants' motion to dismiss, they do further demonstrate the Amended Complaint's inadequacy. Rather than contend that the Court may not consider these damaging documents, Plaintiffs offer several arguments aimed at restricting the Court's review of the documents to the greatest extent possible. Plaintiffs' arguments lack merit.

**ARGUMENT**

**I.      Substantive Securities Law Requires Full Context Review of Pleadings**

Federal substantive securities law imposes on district courts a gatekeeping function at the motion to dismiss stage that transcends and supersedes general rules of procedure. *See* RJN (Dkt.

#84), at 2-7. Congress enacted the Reform Act for the express purpose of screening out meritless securities class actions at the pleading stage, imposing heightened requirements for pleading falsity and scienter and specifying that the district court "shall dismiss the complaint" on a motion to dismiss if it does not meet the heightened standard. *See id.* The Reform Act — as construed by the Supreme Court in *Tellabs* and *Omnicare* — requires courts to consider the full range of publicly available, judicially noticeable, and incorporated documents and information for context when evaluating the sufficiency of securities class action complaints. *See id.*[1]

Plaintiffs incorrectly characterize Defendants' request for full context review as asking the Court to "reject the Complaint's allegations and instead consider the facts Defendants allege." Opp. to RJN (Dkt. #89) 1. While in some cases courts must reject a complaint's allegations to properly apply the federal securities laws,[2] Defendants are not asking this Court to do so. Rather, as U.S. Supreme Court precedent requires, Defendants simply ask the Court to objectively contextualize Plaintiffs' falsity allegations and evaluate their scienter allegations in light of competing factual inferences. Plaintiffs are not entitled to have their falsity and scienter allegations evaluated in a vacuum, nor are they entitled to have all inferences concerning scienter drawn in their favor. *See* RJN 2-7. Rather, the sufficiency of falsity allegations "always depends on context" and requires consideration of, among other things, "all [the challenged statement's] surrounding text, including hedges, disclaimers, and apparently conflicting information" as well as "the customs and practices of the relevant industry." *Omnicare Inc. v. Laborers District Council*

---

[1] In deciding *Tellabs*, the Supreme Court signaled that the Reform Act's pleading requirements contemplate a judicial "gatekeeping" function that goes beyond the scope of normal motion-to-dismiss procedures. The Court observed that "in numerous contexts, gatekeeping judicial determinations prevent submission of claims to a jury's judgment without violating the Seventh Amendment," citing as examples "judgment as a matter of law," "summary judgment," and that "expert testimony can be excluded based on judicial determination of reliability." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 327 n.8 (2007).

[2] *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 407 (2010) (internal quotation marks omitted) (a procedural rule must yield to substantive rights "if it alters the rules of decision by which the court will adjudicate those rights").

*Construction Industry Pension Fund*, 575 U.S. 175, 190 (2015). And determining whether a complaint pleads a "strong inference" of scienter requires weighing "plausible, nonculpable explanations for the defendant's conduct" and considering not only the complaint but also documents incorporated by reference and matters of which courts may take judicial notice. *Tellabs*, 551 U.S. at 322-24. Defendants' request simply asks the Court to consider documents that provide the necessary context for this substantive mode of review.

Plaintiffs do not deny that these documents provide relevant context. Plaintiffs appear to argue, however, that federal substantive securities law has no effect on how (and whether) courts may consider such information at the pleading stage. *See* Opp. to RJN 1-2. Plaintiffs cite *Setzer v. Omega Healthcare Inv'rs, Inc.*, 968 F.3d 204, 212 (2d Cir. 2020), for its quotation of *Tellabs*'s statement that a "complaint will survive 'only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw ***from the facts alleged***'" (emphasis supplied by Plaintiffs). But this statement does not imply, as Plaintiffs appear to suggest, that courts must consider scienter allegations in a vacuum; rather, this statement merely reflects that a complaint's scienter allegations naturally will rise or fall based on the relative strength of the competing inferences drawn from the facts alleged in the complaint. Yet what those competing inferences entail—and their relative strength—may (and must) be informed by all relevant information properly before the court. *See Tellabs*, 551 U.S. at 322-23.

Plaintiffs also appear to argue that any full context review required by federal substantive securities law must be limited by the general procedural rules concerning judicial notice and incorporation by reference. *See* Opp. to RJN 2-3. To the contrary, these procedural rules must give way to substantive securities law to the extent they are incompatible. *See Shady Grove*, 559 U.S.

at 407 (internal quotation marks omitted) (a procedural rule must yield to substantive rights "if it alters the rules of decision by which the court will adjudicate those rights").

Plaintiffs' Second Circuit citations, none of which squarely addresses the interplay between substantive securities law and general procedural rules, are not to the contrary. For example, *Roth v. Jennings*, 489 F.3d 499 (2d Cir. 2007), was not a securities fraud case and thus did not involve the *Tellabs* scienter analysis or *Omnicare* falsity analysis at issue here. *See id.* at 510. Moreover, *Roth* cited approvingly the "principle that the contents of the document are controlling where a plaintiff has alleged that the document contains, or does not contain, certain statements." *Id.* at 511. Similarly, *Staehr v. Hartford Fin. Servs. Grp.*, 547 F.3d 406 (2d Cir. 2008), addressed only whether plaintiffs were on inquiry notice for statute of limitations purposes (not scienter or falsity), and for that purpose, approved of the "District Court's decision to take judicial notice of what information was 'out there.'" *Id.* at 426.

Plaintiff's Second Circuit citations that did consider falsity or scienter allegations are not to the contrary, either. In *Colbert v. Rio Tinto PLC*, 824 F. App'x 5 (2d Cir. 2020), for example, the Second Circuit held that a statement was not misleading, considered in context, because a contemporaneous analyst report "publicly stat[ed] . . . the very fact that [plaintiff] asserts was concealed." *Id.* at 11 n.5. The Second Circuit approved of considering documents outside the complaint to evaluate falsity allegations because "a 'reasonable investor' is not an ostrich, hiding her head in the sand from relevant information." *Id.* (quoting *United Food & Commercial Workers Union Local 880 Pension Fund v. Chesapeake Energy Corp.*, 774 F.3d 1229, 1238 (10th Cir. 2014)). Similarly, in *Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*, No. 19 CIV. 10067 (PAE), 2020

WL 4734989, at \*9 (S.D.N.Y. Aug. 14, 2020), the court held that a statement was not misleading because the allegedly omitted fact was, in fact, disclosed in proxy materials.[3]

Conversely, Plaintiffs fail to diminish the significance of the Second Circuit's analysis in *Tongue v. Sanofi*, 816 F.3d 199 (2d Cir. 2016). Plaintiffs contend that *Sanofi* "shows *Omnicare* did not fundamentally alter the scope of pleading" because, according to Plaintiffs, the court did not consider "materials the parties had presented," but instead drew only from its own "ample experience" and "another judicial opinion." *See* Opp. to RJN 3-4. But *Sanofi* made clear that *Omnicare* "emphasized the need to examine the context of an allegedly misleading [statement of] opinion." *Sanofi*, 816 F.3d at 211. And, in fact, the Second Circuit relied on FDA publications showing that the "FDA has long made public its preference for double-blind trials"—important context for analyzing the challenged statements concerning the defendants' ill-fated, non-double-blind trials. *Id.* at 212–13. In light of this contextualizing information, the Second Circuit held that the statements were not misleading, reasoning that the plaintiffs could not "claim surprise when it [was] revealed that the FDA meant what it said." *Id.* The Second Circuit continues to follow this approach. *See Shreiber v. Synacor, Inc*, 832 F. App'x 54, 57 (2d Cir. 2020) (holding that challenged statements were not misleading "viewed in context" upon consideration of defendants' other public statements and publicly available documents that "tend[ed] to show" the allegedly omitted information).

Moreover, these cases, as well as *Omnicare* and *Tellabs* themselves, demonstrate that Plaintiffs' focus on whether the Court may consider the documents for the truth of their contents

---

[3] In other cases cited by Plaintiffs, the court merely afforded little or no weight to defendants' explanation of well-pleaded facts without discussing what additional contextualizing facts, if any, defendants offered in support of their alternative explanation. *See Employees' Ret. Sys. of Gov't of the Virgin Islands v. Blanford*, 794 F.3d 297, 307 (2d Cir. 2015); *City of Warren Police & Fire Ret. Sys. v. World Wrestling Entm't Inc.*, 477 F. Supp. 3d 123, 137 (S.D.N.Y. 2020). Such cases should not be construed as purporting to prohibit the full context review required by the Reform Act, *Tellabs*, and *Omnicare*.

is misplaced. The full context review of falsity allegations required by *Omnicare* is an "objective" inquiry focusing "on the perspective of the reasonable investor." *See Omnicare*, 575 U.S. at 186-87. In determining whether a challenged statement would mislead a hypothetical reasonable investor, courts must take into account (among other things) the contextualizing publicly available information the hypothetical investor would have known. Whether the contextualizing information is true is beside the point; what matters is that it informed the investor's understanding of the challenged statement. Put another way, the full context review required by *Omnicare* recognizes that companies are entitled to presume they are speaking to a knowledgeable market—they are not required to recite every piece of publicly available information that might be relevant each time they speak. Nor can a securities complaint survive dismissal by cherry-picking allegations to avoid the Court's evaluation of relevant contextual information.

Similarly, the weighing of competing inferences of scienter required by *Tellabs* does not require courts to make ultimate determinations as to the truth of judicially noticed facts. Rather, because the "strength of an inference cannot be decided in a vacuum," *Tellabs* requires that courts weigh competing inferences giving due consideration to all information properly before them. *Tellabs*, 551 U.S. at 323. Plaintiffs' approach would prevent the Court from performing *Tellab*'s required analysis by improperly limiting the information available for that purpose.[4]

In sum, the Reform Act, *Tellabs*, and *Omnicare* impose a special gatekeeping role on district courts that Congress deemed important for screening out meritless securities class actions, and empower courts to undertake a full context review of securities complaints at the pleading

---

[4] *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), does not, and cannot, change this analysis. *Orexigen* relied on federal procedural rules without addressing the primacy of federal securities statutes and the Supreme Court decisions interpreting them. To the extent *Orexigen* is inconsistent with those decisions, it was incorrectly decided. In any event, it is a Ninth Circuit decision that does not bind this Court, and there is no similar Second Circuit decision.

6

stage (including drawing certain inferences against plaintiffs) going beyond anything contemplated by general procedural rules. The rule Plaintiffs urge would improperly restrict the scope of this review, frustrating the federal substantive securities law's stated purpose of weeding out securities claims that, however artfully pleaded, fail to meet the substantive securities law's high hurdles when considered in appropriate context.[5]

**II.      Federal Procedural Law Permits Consideration of the Attached Documents**

Alternatively, the same documents may be considered under the standard federal procedural rules regarding incorporation by reference and judicial notice. *See* RJN 7-11. Plaintiffs do not dispute (nor could they) that these documents may be considered under the procedural rules because they are incorporated by reference into the complaint (*see id.* 7-8), SEC filings subject to judicial notice (*see id.* 8-9), or news articles and other publicly available materials also subject to judicial notice (*see id.* 10-11).

Plaintiffs primarily argue that, while these documents may be subject to judicial notice, federal procedural law does not permit the Court to consider the documents for the truth of their contents, as opposed to the fact of their contents. *See* Opp. to RJN 5-8. As Defendants' motion to dismiss makes clear, however, even this more limited use of the documents (while still not necessary to dismissal) helps demonstrate the insufficiency of Plaintiffs' complaint.

For example, Plaintiffs contend that the Court cannot take judicial notice of the fact that Tilray relied on an accounting expert and financial advisor, as opposed to the fact that Tilray disclosed these facts in contemporaneous press releases and disclosures. *See* Opp. to RJN 5-6. Nonetheless, Tilray's contemporaneous reports—especially given the absence of alleged facts

---

[5] Plaintiffs also argue that "courts may not take judicial notice or rely on documents that are not available to plaintiffs." Opp. to RJN 5. However, every document attached to Tilray's request for full context review and judicial notice is publicly available and equally accessible to Plaintiffs.

suggesting the reports were false—weaken any inference of scienter that could be drawn from Plaintiffs' allegations.

Similarly, Plaintiffs argue that the Court cannot take notice of the industry's anticipation that the FDA's then-ongoing review would result in a favorable outcome. *See* Opp. to RJN 6-8. However, it is nonetheless appropriate for the Court to consider the information available to the market, including information contained in news reports and similar documents concerning the status of the FDA's review, when evaluating whether the challenged statements were misleading in context. *See, e.g.*, *In re UBS Auction Rate Sec. Litig.*, No. 08 CIV. 2967 (LMM), 2010 WL 2541166, at *15 (S.D.N.Y. June 10, 2010) ("It is clear that what information was available to the investing public regarding the ARS market . . . and when that information was made available are relevant to the Court's consideration of this motion to dismiss.").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider the materials attached to their Request for Full Context Review And/Or Judicial Notice when deciding their Motion to Dismiss the Amended Complaint.

Dated: February 24, 2021                        Respectfully submitted,

                                                **BAKER & HOSTETLER LLP**


                                                By:   */s/ Douglas W. Greene*
                                                _____
                                                Douglas W. Greene (*pro hac vice*)
                                                dgreene@bakerlaw.com
                                                Tiffany A. Miao
                                                tmiao@bakerlaw.com
                                                45 Rockefeller Plaza
                                                New York, NY 10111
                                                Telephone: 212.589.4200

                                                Genevieve G. York-Erwin
                                                gyorkerwin@bakerlaw.com
                                                999 Third Avenue, Suite 3900
                                                Seattle, WA 98104
                                                Telephone: 206.566.7079

                                                *Attorneys for Defendants*