# Exhibit 6

**Table of Contents**

Filed Pursuant to Rule 424(b)(3)
Registration No. 333-234160

**PROPOSED MERGER**
**YOUR VOTE IS VERY IMPORTANT**

To the Stockholders of Tilray, Inc. and Privateer Holdings, Inc.:

Tilray, Inc., which we refer to as Tilray, and Privateer Holdings, Inc., which we refer to as Privateer, have entered into an Agreement and Plan of Merger and Reorganization, which we refer to as the merger agreement, pursuant to which Privateer will merge with and into a wholly owned subsidiary of Tilray, which we refer to as the merger. Privateer and Tilray believe that the merger will have the effect of an orderly release of the 75 million shares of Tilray common stock held by Privateer through their cancellation and a subsequent issuance to Privateer's equity holders.

Immediately prior to the effective time of the merger, which we refer to as the effective time, each share of preferred stock, $0.0001 par value, of Privateer, will be converted into one share of Privateer Class 2 common stock in accordance with the applicable provisions of Privateer's amended and restated certificate of incorporation. At the effective time, each share of Privateer capital stock outstanding immediately prior to the effective time (excluding certain shares to be canceled pursuant to the merger agreement and shares held by stockholders who have exercised and perfected appraisal rights) will be automatically converted into the right to receive the applicable portion of the Stock Merger Consideration (as defined below) and, if applicable, a portion of the Cash Merger Consideration (as defined below), in each case calculated in accordance with and as set forth in an allocation certificate as described in more detail in the merger agreement. The "Stock Merger Consideration" means 58,333,333 shares of Tilray Class 2 common stock and 16,666,667 shares of Tilray Class 1 common stock, in each case, as may be adjusted pursuant to the merger agreement; provided, however, that the number of shares of Tilray Class 2 common stock in the Stock Merger Consideration shall be reduced by the following: (i) the number of shares of Tilray Class 2 common stock issuable pursuant to certain Privateer options that will be assumed by Tilray (and which options will be converted into options to purchase shares of Tilray Class 2 common stock) (the "Option Merger Consideration"); (ii) a number of shares of Tilray Class 2 common stock equal to the amount by which certain Privateer transaction expenses exceed $1 million, divided by the volume-weighted average closing trading price of a share of Tilray Class 2 common stock on the Nasdaq Global Select Market, which we refer to as Nasdaq, for the five consecutive trading days ending five trading days immediately prior to the closing date of the merger (the "Tilray Closing Price"); (iii) a number of shares of Tilray Class 2 common stock equal to the amount of Cash Merger Consideration (excluding the Aggregate Cash Option Consideration, as defined below) divided by the public offering price of a share of Tilray Class 2 common stock in an Offering (as described below) (less any underwriting discounts and commissions) (the "Stock Cash Consideration Shares"); and (iv) a number of shares of Tilray Class 2 common stock equal to the option exchange ratio described in the merger agreement multiplied by the aggregate total of all in-the-money options held by certain service providers of Privateer that are cancelled in exchange for a certain percentage of the Cash Merger Consideration (such cash amount, the "Aggregate Cash Option Consideration" and such shares, the "Option Cash Consideration Shares").

Tilray's board of directors, which we refer to as the Tilray Board, may, in its sole discretion, designate all or any portion of the net proceeds from an underwritten, at-the market offering, or other registered public offering of Tilray common stock or other offering of Tilray securities consummated prior to the closing of the merger (an "Offering") as cash consideration for the merger (the "Cash Merger Consideration"), to be paid in cash pro rata (i) in lieu of a portion of the Stock Merger Consideration to the Privateer stockholders who would otherwise be entitled to receive Tilray Class 2 common stock in the merger, and (ii) in lieu of a portion of the Option Merger Consideration to certain service providers of Privateer in exchange for the cancellation of certain Privateer options determined to be in-the-money, in each case, in accordance with the allocation certificate as described in more detail in the merger agreement. The sum of the Stock Cash Consideration Shares and the Option Cash Consideration Shares (together, the "Cash Consideration Shares") shall not exceed 20% of the Total Merger Consideration. Tilray is under no obligation to conduct an Offering or to pay any Cash Merger Consideration.

At the effective time, Tilray's stockholders will continue to own and hold their existing shares of Tilray's common stock, and all outstanding and unexercised options to purchase shares of Tilray's common stock will

remain in effect pursuant to their terms; provided, however, that unvested options to purchase Tilray stock held by certain Privateer service providers shall accelerate effective as of the effective time. Assuming no Cash Merger Consideration is paid in connection with the merger, immediately after the merger, (i) Privateer's stockholders as of immediately prior to the effective time are expected to own approximately 75.4% of the outstanding capital stock of Tilray and 90.4% of the voting power of Tilray and (ii) the three founders of Privateer, namely Brendan Kennedy (Tilray's Chief Executive Officer and President, as well as a member of the Tilray Board), Michael Blue and Christian Groh, are expected to collectively own 25.7% of the outstanding capital stock of Tilray and 71.0% of the voting power of Tilray. Mr. Kennedy, an executive officer and member of the Tilray Board, is also the Executive Chairman, a member of the Privateer Board and the largest stockholder of Privateer. Michael Auerbach, a member of the Tilray Board, is also a member of the Privateer Board and a stockholder of Privateer.

Shares of Tilray's Class 2 common stock are currently listed on the Nasdaq under the symbol "TLRY." On November 11, 2019, the last trading day before the date of this proxy statement/prospectus/information statement, the closing sale price of Tilray's Class 2 common stock on Nasdaq was $21.95 per share.

Tilray is holding a special meeting of its stockholders in order to obtain the stockholder approvals necessary to complete the merger and related matters. At the Tilray special meeting, which will be held at 10:00 a.m., local time, on December 6, 2019 at the offices of Cooley LLP, 1700 Seventh Avenue, Suite 1900, Seattle, Washington 98101-1355, unless postponed or adjourned to a later date, Tilray will ask its stockholders to, among other things:

1. approve the merger agreement, and the transactions contemplated thereby, including the merger, the issuance of shares of Tilray's Class 1 and Class 2 common stock to Privateer's stockholders and optionholders pursuant to the terms of the merger agreement and the change of control resulting from the merger;

2. approve the amended and restated certificate of incorporation of Tilray, in the form attached as *Annex B* of the accompanying proxy statement/prospectus/information statement; and

3. consider and, if necessary, vote upon an adjournment of the Tilray special meeting to solicit additional proxies if there are not sufficient votes in favor of Proposal Nos. 1 and 2.

As of September 30, 2019, Privateer beneficially owns or controls an approximate 75% equity interest in Tilray through ownership or control of 16,666,667 shares of Tilray's Class 1 common stock and 58,333,333 shares of Tilray's Class 2 common stock, representing approximately 90% of the voting power of Tilray's capital stock. As a result, Tilray is currently a "controlled company" within the meaning of Nasdaq rules. Privateer has indicated that it intends to vote in favor of each of the proposals presented by Tilray for approval by holders of its common stock. Therefore, approval of Tilray Proposals 1 and 2, and if necessary 3, is expected and, if all other conditions to the merger are satisfied, the merger will be consummated.

On September 9, 2019, after careful consideration, the special committee of the Tilray Board, comprised of three independent and disinterested directors of Tilray, which we refer to as the special committee, unanimously (i) determined that the consummation of the merger and the other transactions contemplated by the merger agreement, on the terms and conditions substantially as set forth in the merger agreement, are advisable and are fair to, and in the best interests of, Tilray and its stockholders, (ii) approved and declared advisable the merger and the other transactions contemplated by the merger agreement, (iii) approved the merger agreement, and (iv) recommended that the Tilray Board recommend the approval and adoption of the merger agreement by Tilray's stockholders.

On September 9, 2019, and based upon the recommendation of the special committee, the Tilray Board unanimously (i) determined that the entry by Tilray into the merger agreement, the merger and the other transactions contemplated by the merger agreement, are advisable and are fair to, and in the best interests of, Tilray and its stockholders, (ii) approved and declared advisable the merger and the other transactions contemplated by the merger agreement, including the merger, the issuance of the Stock Merger Consideration, the amendment and restatement of Tilray's amended and restated certificate of incorporation, and the change of

control of Tilray pursuant to Nasdaq rules, (iii) approved and authorized each of the transaction documents, including the merger agreement, and (iv) recommended that the stockholders of Tilray approve the merger agreement and the other transactions contemplated thereby, including the merger, the issuance of the Stock Merger Consideration, the amendment and restatement of Tilray's amended and restated certificate of incorporation, and the change of control of Tilray pursuant to Nasdaq rules. The Tilray Board accordingly recommends that Tilray's stockholders vote "FOR" Proposal Nos. 1, 2, and 3.

After careful consideration, Privateer's board of directors, which we refer to as the Privateer Board, has unanimously (i) determined that the merger agreement and the transactions contemplated thereby, including without limitation the merger and the other transactions contemplated thereby, are fair to, advisable to and in the best interests of Privateer and its stockholders, (ii) authorized, approved and declared advisable the merger agreement and the transactions contemplated thereby, and (iii) recommended that Privateer's stockholders vote to adopt the merger agreement and approve the transactions contemplated thereby, including without limitation the merger and the other transactions contemplated thereby. The Privateer Board unanimously recommends that Privateer's stockholders sign and return the action by written consent of Privateer's stockholders, which we refer to as the Privateer written consent, indicating their (i) adoption and approval of the merger agreement and the transactions contemplated thereby, (ii) adoption and approval of the Privateer's amended and restated certificate of incorporation in the form attached as Exhibit D to the merger agreement, (iii) acknowledgement that the approval given is irrevocable and that such stockholder is aware of its rights to demand appraisal for its shares pursuant to Section 262 of the General Corporation Law of the State of Delaware, which we refer to as the DGCL, and that such stockholder has received and read a copy of Section 262 of the DGCL, (iv) acknowledgement that by its approval of the merger it is not entitled to appraisal rights with respect to its shares in connection with the merger and thereby waives any rights to receive payment of the fair value of its capital stock under the DGCL, and (v) approval of the conversion of Privateer preferred stock into Privateer Class 2 common stock.

As described in the accompanying proxy statement/prospectus/information statement, certain of Privateer's stockholders who in the aggregate own approximately 35.8% of the outstanding capital stock and 45.7% of the voting power of Privateer as of the date of the merger agreement, are parties to support agreements with Tilray and Privateer, whereby such stockholders have agreed to vote their shares in favor of (i) the approval and adoption of the merger agreement, (ii) the approval of the merger and the other transactions contemplated by the merger agreement, (iii) the approval and adoption of the amended and restated certificate of incorporation of Privateer, (iv) the conversion of Privateer preferred stock into Privateer Class 2 common stock immediately prior to the effective time, and (v) other related matters.

More information about Tilray, Privateer and the proposed transaction is contained in this proxy statement/prospectus/information statement. Tilray and Privateer urge you to read the accompanying proxy statement/prospectus/information statement carefully and in its entirety. IN PARTICULAR, YOU SHOULD CAREFULLY CONSIDER THE MATTERS DISCUSSED UNDER "RISK FACTORS" BEGINNING ON PAGE 24.

Tilray and Privateer are excited about the opportunities the merger brings to both Tilray's and Privateer's stockholders, and thank you for your consideration and continued support.

Brendan Kennedy                           Michael Blue
Chief Executive Officer                    Managing Partner
Tilray, Inc.                               Privateer Holdings, Inc.

**Neither the Securities and Exchange Commission nor any state securities commission has approved or disapproved of these securities or passed upon the adequacy or accuracy of this proxy statement/prospectus/information statement. Any representation to the contrary is a criminal offense.**

The accompanying proxy statement/prospectus/information statement is dated November 12, 2019, and is first being mailed to Tilray's and Privateer's stockholders on or about November 21, 2019.

**TILRAY, INC.**
**1100 Maughan Road**
**Nanaimo, BC, Canada V9X IJ2**
**(844) 845-7291**

**NOTICE OF SPECIAL MEETING OF STOCKHOLDERS**
**TO BE HELD ON DECEMBER 6, 2019**

Dear Stockholders of Tilray:

On behalf of the board of directors of Tilray, Inc., a Delaware corporation, which we refer to as Tilray, we are pleased to deliver this proxy statement/prospectus/information statement for the 2019 special meeting of stockholders of Tilray, which will be held on December 6, 2019 at 10:00 a.m., local time, at the offices of Cooley LLP, 1700 Seventh Avenue, Suite 1900, Seattle, Washington 98101-1355, which we refer to as the Tilray special meeting, for the following purposes:

1.    to consider and vote upon a proposal to approve and adopt the Agreement and Plan of Merger and Reorganization, dated as of September 9, 2019, which we refer to as the merger agreement, by and among Tilray, Privateer Holdings, Inc., which we refer to as Privateer, and Down River Merger Sub, LLC, a wholly owned subsidiary of Tilray, which we refer to as merger sub, pursuant to which Privateer will merge with and into merger sub, which we refer to as the merger, a copy of which is attached as *Annex A* to this proxy statement/prospectus/information statement, and the transactions contemplated thereby, including the merger, the issuance of shares of Tilray's Class 1 common stock and Class 2 common stock to Privateer's stockholders and optionholders pursuant to the terms of the merger agreement and the change of control under Nasdaq rules resulting from the merger;

2.    to approve the amended and restated certificate of incorporation of Tilray in the form attached as *Annex B* to this proxy statement/prospectus/information statement; and

3.    to consider and, if necessary, vote upon an adjournment of the Tilray special meeting to solicit additional proxies if there are not sufficient votes in favor of Proposal Nos. 1 and 2.

Tilray will transact no other business at the Tilray special meeting except such business as may be properly brought before the Tilray special meeting or any adjournment or postponement thereof. Please refer to the attached proxy statement/prospectus/information statement for further information with respect to the business to be transacted at the Tilray special meeting.

The Tilray Board has fixed October 31, 2019, as the record date for the determination of stockholders entitled to notice of, and to vote at, the Tilray special meeting and any adjournment or postponement thereof. Only holders of record of shares of Tilray's capital stock at the close of business on the record date are entitled to notice of, and to vote at, the Tilray special meeting. At the close of business on the record date, Tilray had 16,666,667 shares of Class 1 common stock and 83,828,321 shares of Class 2 common stock outstanding and entitled to vote.

**Your vote is important. The affirmative vote of holders of (i) the majority of the aggregate voting power of the votes cast at the Tilray special meeting and (ii) the majority of the voting power of the outstanding shares of Tilray's Class 1 common stock and Class 2 common stock, each voting separately as a class, are required for approval of Proposal No. 1. The affirmative vote of holders of (i) the majority of the aggregate voting power of the outstanding shares of Tilray's Class 1 and Class 2 common stock, voting together as a single class, as of the record date for the Tilray special meeting and (ii) the majority of the voting power of Tilray's Class 1 common stock outstanding as of the record date is required for approval of Proposal No. 2. The affirmative vote of the majority of the voting power of the Tilray shares present in person, by remote communication, if applicable, or represented by proxy duly authorized at the Tilray special meeting is required for approval of Proposal No. 3. Each of Proposal Nos. 1 and 2 are conditioned upon each other. Therefore, the merger cannot be consummated without the approval of Proposal Nos. 1 and 2.**

**Even if you plan to attend the Tilray special meeting in person, Tilray requests that you sign and return the enclosed proxy to ensure that your shares will be represented at the Tilray special meeting if you are unable to attend.**

**THE TILRAY BOARD OF DIRECTORS HAS DETERMINED AND BELIEVES THAT EACH OF THE PROPOSALS OUTLINED ABOVE IS ADVISABLE TO, AND IN THE BEST INTERESTS OF, TILRAY AND ITS STOCKHOLDERS AND HAS APPROVED EACH SUCH PROPOSAL. THE TILRAY BOARD OF DIRECTORS RECOMMENDS THAT TILRAY'S STOCKHOLDERS VOTE "FOR" EACH SUCH PROPOSAL.**

By Order of the Tilray Board of Directors,

Mark Castaneda
*Chief Financial Officer*
Nanaimo, BC
November 12, 2019

**REFERENCES TO ADDITIONAL INFORMATION**

This proxy statement/prospectus/information statement refers to important business and financial information about Tilray that is not included in or delivered with this document. You may obtain this information without charge upon your written or oral request by contacting the General Counsel of Tilray, Inc., 1100 Maughan Road, Nanaimo, BC, Canada V9X IJ2 or by calling (844) 845-7291.

**To ensure timely delivery of these documents, any request should be made no later than November 25, 2019 to receive them before the Tilray special meeting.**

For additional details about where you can find information about Tilray, please see the section titled "Where You Can Find More Information" in this proxy statement/prospectus/information statement.

i

**TABLE OF CONTENTS**

QUESTIONS AND ANSWERS ABOUT THE MERGER                                                                    1
PROSPECTUS SUMMARY                                                                                       10
SELECTED CONSOLIDATED FINANCIAL DATA                                                                     22
RISK FACTORS                                                                                             24
FORWARD-LOOKING STATEMENTS                                                                               58
THE SPECIAL MEETING OF TILRAY'S STOCKHOLDERS                                                             60
THE MERGER                                                                                               64
MERGER AGREEMENT                                                                                         93
AGREEMENTS RELATED TO THE MERGER                                                                        110
MATTERS BEING SUBMITTED TO A VOTE OF TILRAY'S STOCKHOLDERS                                              112
TILRAY BUSINESS                                                                                         114
PRIVATEER BUSINESS                                                                                      128
TILRAY MANAGEMENT'S DISCUSSION AND ANALYSIS OF FINANCIAL CONDITION AND RESULTS OF OPERATIONS            129
TILRAY'S QUANTITATIVE AND QUALITATIVE DISCLOSURES ABOUT MARKET RISK                                     146
MANAGEMENT PRIOR TO AND FOLLOWING THE MERGER                                                            147
INFORMATION REGARDING THE TILRAY BOARD OF DIRECTORS AND CORPORATE GOVERNANCE                            150
TILRAY EXECUTIVE COMPENSATION                                                                           156
RELATED PARTY TRANSACTIONS OF DIRECTORS AND EXECUTIVE OFFICERS OF THE COMBINED ORGANIZATION             161
DESCRIPTION OF TILRAY'S CAPITAL STOCK                                                                   165
COMPARISON OF RIGHTS OF HOLDERS OF TILRAY STOCK AND PRIVATEER STOCK                                     171
PRICE RANGE OF SECURITIES                                                                               186
PRINCIPAL STOCKHOLDERS OF TILRAY                                                                        187
PRINCIPAL STOCKHOLDERS OF COMBINED ORGANIZATION                                                         189
LEGAL MATTERS                                                                                           192
EXPERTS                                                                                                 192
WHERE YOU CAN FIND MORE INFORMATION                                                                     192
TRADEMARK NOTICE                                                                                        193
OTHER MATTERS                                                                                           194
TILRAY, INC. FINANCIAL STATEMENTS                                                                     F-A-1
FHF HOLDINGS LTD. FINANCIAL STATEMENTS                                                                F-C-1
TILRAY, INC. UNAUDITED PRO FORMA COMBINED FINANCIAL INFORMATION                                       F-D-1

Annex A      Merger Agreement
Annex B      Amended and Restated Certificate of Incorporation of Tilray, Inc.
Annex C      Opinion of Tilray, Inc. Financial Advisor
Annex D      Appraisal Rights (Section 262 of the Delaware General Corporation Law)

ii

(7)   Represents (a) 8,083 shares of Class 2 common stock held by Ms. Greenwood and (b) 10,937 shares of Class 2 common stock issuable pursuant to RSUs that vest within 60 days of August 31, 2019.

(8)   Represents (a) 4,750 shares of Class 2 common stock held by Ms. St.Clare and (b) 10,937 shares of Class 2 common stock issuable pursuant to RSUs that vest within 60 days of August 31, 2019.

(9)   Represents (a) 452,635 shares of Class 2 common stock, (b) 2,898,433 shares underlying options to purchase shares of Class 2 common stock that are exercisable within 60 days of August 31, 2019 and (c) 830,311 shares of Class 2 common stock issuable pursuant to RSUs that vest within 60 days of August 31, 2019.

### Director Positions Following the Merger

Mr. Kennedy and Mr. Auerbach are currently directors of Tilray and will continue as directors of Tilray after the effective time. For a description of Tilray's director compensation, see "Director Compensation" elsewhere in this proxy statement/prospectus/information statement.

## Interests of Privateer Directors and Executive Officers in the Merger

In considering the recommendation of the Privateer Board with respect to adopting and approving the merger agreement, Privateer's stockholders should be aware that certain members of the Privateer Board and certain executive officers of Privateer may have interests in the merger that may be different from, or in addition to, the interests of other Privateer stockholders. Each of the special committee, the Tilray Board and the Privateer Board was aware of these potential conflicts of interest and considered them, among other matters, in reaching their respective decisions to approve the merger agreement and the merger, and to recommend, as applicable, that Tilray's stockholders approve the proposals to be presented to Tilray's stockholders for consideration at the Tilray special meeting as contemplated by this proxy statement/prospectus/information statement, and that Privateer's stockholders sign and return the written consent as contemplated by this proxy statement/prospectus/information statement.

### Ownership Interests

Certain of Privateer's directors and executive officers or entities affiliated with them currently hold shares of Privateer's capital stock, which such shares of capital stock will be converted into shares of Tilray's common stock at the effective time. The table below sets forth the ownership of Privateer's capital stock as of August 31, 2019 by Privateer's directors and executive officers and their anticipated ownership of Privateer common stock immediately prior to the closing of the merger.

| Directors and Named Executive Officers | Number of Shares of Capital Stock as of August 31, 2019 |
|---|---|
| *Executive Officers* | |
| Brendan Kennedy(1) | 12,897,078 |
| Michael Blue(2) | 7,343,098 |
| Christian Groh(3) | 6,070,523 |
| *Non-Employee Directors* | |
| Michael Auerbach(4) | 2,876,141 |

(1)   Represents (a) 12,004,221 shares held by Mr. Kennedy and (b) 892,857 shares held by The Kennedy Family 2016 Irrevocable Trust UTD December 1, 2016. Mr. Kennedy disclaims beneficial ownership of the shares held by The Kennedy Family 2016 Irrevocable Trust UTD December 1, 2016, except to the extent of his pecuniary interest in such shares, if any. Mr. Kennedy, executive chairman of the Privateer Board, is also an executive officer and member of the Tilray Board.

(2)   Represents (a) 4,343,098 shares held by Mr. Blue and (b) 3,000,000 shares held by Mr. Blue's spouse.

(3)   Represents (a) 4,650,494 shares held by Christian Groh, (b) 16,421 shares held by Mr. Groh's spouse, (c) 701,804 shares held by CAG 2018 GRAT and (d) 701,804 shares held by LEG 2018 GRAT.

(4)   Represents (a) 355,375 shares held by Mr. Auerbach, (b) 708,750 shares held by Murphy Ofutt Common LLC and (c) 1,812,016 shares held by Murphy Offutt, LLC. Mr. Auerbach is the general partner of these entities and has voting and dispositive power over the shares. Excludes 460,000 shares of Privateer Class 1

common stock and 200,000 shares of Privateer Class 3 common stock issuable upon the exercise of options held by Mr. Auerbach. Mr. Auerbach, a member of the Privateer Board, is also a member of the Tilray Board.

### Treatment of Privateer Equity Awards

Under the merger agreement and subject to the terms thereof, at the effective time, each outstanding and unexercised option to purchase shares of Privateer's capital stock as of immediately prior to the effective time, whether or not vested, shall be (i) converted into and become an option, as applicable, to purchase shares of Tilray's common stock, in accordance with the terms and conditions of such Privateer option, immediately prior to the effective time or (ii) cancelled and converted into a right to receive a portion of the Cash Merger Consideration, if any, pursuant to the terms of the merger agreement. Certain of Privateer's directors and executive officers currently hold options, to purchase shares of Privateer's common stock. The table below sets forth certain information with respect to such options.

| Option holder Name | Grant Date | Expiration Date | Exercise Price ($) | Number of Shares of Common Stock Underlying Option as of August 31, 2019 | Number of Vested Shares of Common Stock Underlying Option as of August 31, 2019 |
|---|---|---|---|---|---|
| Brendan Kennedy | — | — | — | — | — |
| Michael Blue | — | — | — | — | — |
| Christian Groh | — | — | — | — | — |
| Michael Auerbach | 6/18/2014 | 6/17/2024 | 0.21 | 120,000 | 120,000 |
| | 11/11/2014 | 11/10/2024 | 1.34 | 120,000 | 120,000 |
| | 9/18/2015 | 9/17/2025 | 2.70 | 120,000 | 120,000 |
| | 3/20/2017 | 3/19/2027 | 2.92 | 100,000 | 100,000 |
| | 4/13/2018 | 4/12/2028 | 5.17 | 100,000 | 100,000 |
| | 11/28/2018 | 11/27/2028 | 27.54 | 100,000 | 100,000 |

### Indemnification and Insurance

Under the merger agreement, from the effective time through the sixth anniversary of the date on which the effective time occurs, each of Tilray and the surviving company shall indemnify and hold harmless each person who is now, or has been at any time prior to the date of the merger agreement, or who becomes prior to the effective time, a director or officer of Tilray or Privateer and their respective subsidiaries (excluding, in the case of Privateer, Tilray), respectively (collectively, the "D&O Indemnified Parties"), against all claims, losses, liabilities, damages, judgments, fines and reasonable fees, costs and expenses, including attorneys' fees and disbursements (collectively, "Costs"), incurred in connection with any claim, action, suit, proceeding or investigation, whether civil, criminal, administrative or investigative, arising out of or pertaining to the fact that the D&O Indemnified Party is or was a director or officer of Tilray or of Privateer, whether asserted or claimed prior to, at or after the effective time, in each case, to the fullest extent permitted under applicable law. Each D&O Indemnified Party will be entitled to advancement of expenses incurred in the defense of any such claim, action, suit, proceeding or investigation from each of Tilray and the surviving company, jointly and severally, upon receipt by Tilray or the surviving company from the D&O Indemnified Party of a request therefor; *provided* that any person to whom expenses are advanced provides an undertaking to Tilray, to the extent then required by the DGCL, to repay such advances if it is ultimately determined that the person is not entitled to indemnification.

Under the merger agreement, the provisions of the certificate of incorporation and bylaws of Tilray with respect to indemnification, advancement of expenses and exculpation of present and former directors and officers of

80

**PRINCIPAL STOCKHOLDERS OF TILRAY**

The following table sets forth information with respect to the beneficial ownership of Tilray's capital stock as of August 31, 2019, by:

- each person, or group of affiliated persons, known by Tilray to beneficially own more than 5% of Tilray's Class 1 common stock or Class 2 common stock;

- each of Tilray's named executive officers;

- each of Tilray's directors; and

- all of Tilray's executive officers and directors as a group.

The percentage of shares beneficially owned shown in the table is based on shares of common stock outstanding as of August 31, 2019. Beneficial ownership is determined according to the rules of the SEC and generally means that a person has beneficial ownership of a security if he, she or it possesses sole or shared voting or investment power of that security, including stock options that are exercisable, or RSUs that vest, within 60 days of August 31, 2019. Tilray's shares of Class 2 common stock issuable pursuant to stock options or RSUs are deemed outstanding for computing the percentage of the person holding such options or RSUs and the percentage of any group of which the person is a member but are not deemed outstanding for computing the percentage of any other person. Except as indicated by the footnotes below, Tilray believes, based on the information furnished to Tilray, that the persons named in the table below have sole voting and investment power with respect to all shares of common stock shown that they beneficially own, subject to community property laws where applicable. The information does not necessarily indicate beneficial ownership for any other purpose, including for purposes of Section 13(d) and 13(g) of the Securities Act.

Unless otherwise indicated, the address of each beneficial owner listed in the table below is c/o Tilray, Inc., 1100 Maughan Road, Nanaimo, BC, Canada, V9X IJ2.

| Name of Beneficial Owner | Class 1 Number | Class 1 Percent | Class 2 Number | Class 2 Percent | % of Total Voting Power+ |
|---|---|---|---|---|---|
| **Greater than 5% stockholders:** | | | | | |
| Privateer Holdings, Inc.[1] | 16,666,667 | 100.0% | 58,333,333 | 71.2% | 90.5% |
| **Directors and Named Executive Officers:** | | | | | |
| Brendan Kennedy[2] | — | — | 2,888,947 | 3.4 | 1.1 |
| Edward Wood Pastorius, Jr.[3] | — | — | 219,194 | * | * |
| Mark Castaneda[4] | — | — | 929,505 | 1.1 | * |
| Andrew Pucher | — | — | — | — | — |
| Michael Auerbach[5] | — | — | 93,277 | * | * |
| Rebekah Dopp[6] | — | — | 15,749 | * | * |
| Maryscott Greenwood[7] | — | — | 19,020 | * | * |
| Christine St.Clare[8] | — | — | 15,687 | * | * |
| All current executive officers and directors as a group (8 individuals)[9] | — | — | 4,181,379 | 4.9 | 1.7 |

\*    Represents less than one percent

+    Represents the voting power with respect to all shares of Tilray's Class 1 common stock and Class 2 common stock, voting as a single class. Each share of Class 1 common stock will be entitled to 10 votes per share and each share of Class 2 common stock will be entitled to one vote per share. The holders of Class 1 common stock and Class 2 common stock will vote together on all matters (including the election of directors) submitted to a vote of stockholders, except under limited circumstances.

(1)    The address for Privateer is 2701 Eastlake Avenue E., 3rd Floor, Seattle, WA 98102.

187

(2)    Represents (a) 224,889 shares of Class 2 common stock held by Mr. Kennedy, (b) 2,148,433 shares underlying options to purchase shares of Class 2 common stock that are exercisable within 60 days of August 31, 2019 and (c) 515,625 shares of Class 2 common stock issuable pursuant to RSUs that vest within 60 days of August 31, 2019. Mr. Kennedy, an executive officer and member of the Tilray Board, is also the Executive Chairman, member of the Privateer Board and largest stockholder of Privateer, although Mr. Kennedy does not have voting or investment power with respect to the shares held by Privateer.

(3)    Represents (a) 19,194 shares of Class 2 common stock held by Mr. Pastorius, (b) 131,250 shares underlying options to purchase shares of Class 2 common stock that are exercisable within 60 days of August 31, 2019 and (c) 68,750 shares of Class 2 common stock issuable pursuant to RSUs that vest within 60 days of August 31, 2019.

(4)    Represents (a) 129,505 shares of Class 2 common stock held by Mr. Castaneda, (b) 600,000 shares underlying options to purchase shares of Class 2 common stock that are exercisable within 60 days of August 31, 2019 and (c) 200,000 shares of Class 2 common stock issuable pursuant to RSUs that vest within 60 days of August 31, 2019.

(5)    Represents (a) 10,937 shares of Class 2 common stock held by Mr. Auerbach, (b) 50,465 shares of Class 2 common stock held by M3 Ein Sof LLC, (c) 18,750 shares underlying options to purchase shares of Class 2 common stock that are exercisable within 60 days of August 31, 2019 and (d) 13,125 shares of Class 2 common stock issuable pursuant to RSUs that vest within 60 days of August 31, 2019. Mr. Auerbach is a member of M3 Ein Sof LLC and has voting and dispositive power over the shares. The address for M3 Ein Sof LLC is 135 Grand Street, 2nd Floor, New York, New York 10013. Mr. Auerbach, a member of the Tilray Board, is also a member of the Privateer Board and a stockholder of Privateer, although Mr. Auerbach does not have voting or investment power with respect to the shares held by Privateer.

(6)    Represents (a) 4,812 shares of Class 2 common stock held by Ms. Dopp and (b) 10,937 shares of Class 2 common stock issuable pursuant to RSUs that vest within 60 days of August 31, 2019.

(7)    Represents (a) 8,083 shares of Class 2 common stock held by Ms. Greenwood and (b) 10,937 shares of Class 2 common stock issuable pursuant to RSUs that vest within 60 days of August 31, 2019.

(8)    Represents (a) 4,750 shares of Class 2 common stock held by Ms. St.Clare and (b) 10,937 shares of Class 2 common stock issuable pursuant to RSUs that vest within 60 days of August 31, 2019.

(9)    Represents (a) 452,635 shares of Class 2 common stock, (b) 2,898,433 shares underlying options to purchase shares of Class 2 common stock that are exercisable within 60 days of August 31, 2019 and (c) 830,311 shares of Class 2 common stock issuable pursuant to RSUs that vest within 60 days of August 31, 2019.

188