**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Lead Counsel for Lead Plaintiff and the putative Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GANESH KASILINGAM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br><br>v.<br><br><br>TILRAY, INC., BRENDAN KENNEDY, and MARK CASTANEDA,<br><br>Defendants. | **CASE No.: 1:20-cv-03459-PAC**<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' REQUEST FOR REVIEW AND MOTION TO DISMISS**<br><br><br>**CLASS ACTION** |

## TABLE OF CONTENTS

I.      INTRODUCTION..................................................................................................... 1

II.     ARGUMENT........................................................................................................... 1

  A.  Misuse of Judicial Notice and Incorporation by Reference Is a Rampant Problem ... 1

  B.  The Cases Defendants Cite Address What Inferences Courts Can Draw From Facts Properly Before Them, They Do Not Expand the Scope of Facts Properly Before the Court ...................................................................................................................... 2

  C.  Omnicare Only Concerns How Investors Interpret Statements ................................... 4

  D.  Plaintiffs Would Be Prejudiced if the Court Attempted to Refashion Proper Arguments for Defendants ........................................................................................... 5

  E.  The Court May Incorporate the Forms 3 and 4 Setting Out Kennedy's Transactions in and Shareholdings of Tilray Stock For the Truth of their Contents ......................... 6

III.    CONCLUSION ....................................................................................................... 6

i

## TABLE OF AUTHORITIES

**Pages**

**Cases**

*Abramson v. Newlink Genetics Corp.*,
    965 F.3d 165 (2d Cir. 2020)..................................................................................... 5, 6

*Arkansas Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*,
    2022 WL 727149 (2d Cir. Mar. 11, 2022) ................................................................ 2

*City of Austin Police Ret. Sys. v. Kinross Gold Corp.*,
    957 F. Supp. 2d 277 (S.D.N.Y. 2013)..................................................................... 3, 4

*In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*,
    763 F. Supp. 2d 423 (S.D.N.Y. 2011)..................................................................... 6, 7

*In re Mylan N.V. Sec. Litig.*,
    No. 16-CV-7926 (JPO), 2020 WL 1673811 (S.D.N.Y. Apr. 6, 2020) ...................... 4

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018)................................................................................... 1, 2

*Kramer v. Time Warner Inc.*,
    937 F.2d 767 (2d Cir. 1991)..................................................................................... 2

*Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*,
    575 U.S. 175 (2015) ................................................................................................. 5

*Roth v. Jennings*,
    489 F.3d 499 (2d Cir. 2007)..................................................................................... 2

*Staehr v. Hartford Fin. Servs. Grp., Inc.*,
    547 F.3d 406 (2d Cir. 2008)..................................................................................... 2

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007) .............................................................................................. 2, 3

*Tomaszewski v. Trevena, Inc.*,
    482 F. Supp. 3d 317 (E.D. Pa. 2020) ...................................................................... 6

*Tongue v. Sanofi*,
    816 F.3d 199 (2d Cir. 2016)..................................................................................... 5

**Rules**

Fed. R. Civ. P. 12.............................................................................................................. 5

## I.    INTRODUCTION[1]

Defendants' motion for full context review is a sleight of hand. They start with the undisputed premise that courts can consider documents subject to judicial notice or incorporation by reference in adjudicating motions to dismiss. They then omit the equally well-established premise that courts cannot consider such documents for the truth of the matter asserted. Then, they use facts improperly taken from these documents to construct their arguments on their motion to dismiss.

Controlling caselaw requires that the Court deny Defendants' Motion for Full Context Review insofar as it requests that the Court take judicial notice of or incorporate by reference documents for the truth of their contents. Controlling caselaw likewise requires that the Court not consider improperly presented facts in ruling on Defendants' motion to dismiss. Because Defendants inextricably weave these improper facts into their arguments, the Court may, and should, summarily deny Defendants' motion to dismiss.

## II.    ARGUMENT

### A.  Misuse of Judicial Notice and Incorporation by Reference Is a Rampant Problem

Judicial notice and incorporation by reference have a limited role to play on a motion to dismiss. But there is a "concerning pattern in securities cases like this one [of] exploiting [judicial notice and incorporation by reference] improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). "If defendants are permitted to present their own version of the facts at the pleading stage" exactly what Defendants do here "and district courts accept those facts as

---

[1] Unless otherwise noted, all emphases are added and quotations omitted. Citations to "Pl. Opp. _" are to pages of Plaintiffs' Opposition to Defendants' motion to dismiss, filed herewith. Citations to MTD and RJN are to Defendants' Motion to Dismiss, dkt. # 100, and Defendants' Request for Full Context Review and/or Judicial Notice, dkt. # 101.

uncontroverted and true" as they ask the Court to do, "it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Id.* at 899. And while Defendants claim that courts can take judicial notice of documents for the truth of their contents in securities cases but not in others, the "risk [of misusing judicial notice] is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access." *Id.*

### B. The Cases Defendants Cite Address What Inferences Courts Can Draw From Facts Properly Before Them, They Do Not Expand the Scope of Facts Properly Before the Court

The Supreme Court has held that "faced with a Rule 12(b)(6) motion to dismiss a § 10(b) action, courts must, as with any motion to dismiss for failure to plead a claim on which relief can be granted, ***accept all factual allegations in the complaint as true***." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). While the Court may examine documents judicially noticed or incorporated by reference for some limited purposes, it cannot consider them for the truth of the statements made in the documents. *Arkansas Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*, No. 20-3716-CV, 2022 WL 727149, at \*5, -- F. 4th --- (2d Cir. Mar. 11, 2022);[2] *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).[3]

---

[2] While *Bristol-Myers* was decided after Defendants filed their motion to dismiss, it only reiterated earlier controlling cases that were issued before Defendants' filing. *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). Further, while *Bristol-Myers* suggested that courts could consider documents integral to the complaint for the truth of the matter asserted. 2022 WL 727149 at \*5 n.3. Not only is the statement dicta – the court "d[id] not reach the question here", *id.* – it relied on *Roth*, which held precisely the opposite. *Roth*, 489 F.3d at 509 ("public records that are integral to a fraud complaint [and] are not attached to it" can ***not*** be considered "*for the truth of the matters asserted*.") (emphasis in *Roth*).

[3] Every single Second Circuit case Defendants cite considered documents to establish their contents, not for the truth of the matter asserted. *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 426 (2d Cir. 2008)("Despite Appellants' assertions to the contrary, the District Court simply took judicial notice of Appellees' exhibits for the purpose of establishing that the information in the various documents was publicly available."); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (district court did not commit error because it did not rely on materials subject to judicial notice "for the truth of the matters asserted therein.").

2

Defendants' requests are of the impermissible variety. As just one of dozens of examples, Defendants ask the Court to take judicial notice that in a press release, Tilray claimed to have had hired BofA Merrill Lynch as "financial advisor" in negotiating the ABG Agreement. But Tilray's say-so establishes neither that they hired the firm nor what its tasks and function were.

Even if the Court could assume that the statements Defendants made in SEC filings are true, it cannot use inferences from documents to defeat well-pled facts. "The [scienter] inquiry is inherently comparative: How likely is it that one conclusion, as compared to others, follows *from the underlying facts*?" *Tellabs,* 551 U.S. at 323. A non-culpable inference from documents that contradicts facts alleged in a complaint does not defeat those facts; it is, rather, inconsistent with the "underlying facts" and therefore implausible.

A recent opinion in a Section 10(b) case by Judge Oetken shows the distinction between proper and improper inferences. There, drug manufacturer Mylan argued that its sudden price increases resulted not from price fixing but from increased pricing power resulting from a reduction in its supplies from a competitor supply. *In re Mylan N.V. Sec. Litig.*, No. 16-CV-7926 (JPO), 2020 WL 1673811, at *5 (S.D.N.Y. Apr. 6, 2020). Mylan sought judicial notice of an FDA Import Alert noting that it had banned imports from three Indian facilities of that competitor Wockhardt. Judge Oetken found that he could properly take judicial notice of was that the FDA had issued such an alert. But he could not take judicial notice of whether imports from these facilities were actually banned, whether the facilities made the product that competed with Mylan, whether Wockhardt actually made the competitive product, or even whether Wockhardt was a competitor. *Id.*

Here, and again just by way of example, Defendants start from the improperly presented "fact" that they had an investment advisor and ask the Court to infer that "[t]he ABG Agreement

3

was carefully negotiated and vetted with assistance from outside experts." MTD 5. But any conclusions that follow from that "fact" are quite limited. Corporate finance advice comes in all shapes and sizes. Some advisors identify potential counterparties. Others negotiate transaction terms. Still others provide fairness opinions for mergers and acquisitions. Without these facts, the Court can make nothing of the claim that Tilray hired experts. *See Mylan*, 2020 WL 1673811, at *5 (even if it took judicial notice, the court "had only Mylan's say-so" that Wockhardt was a competitor). The mere existence of a financial advisor, even if it were properly before the Court, cannot support an inference that the ABG Agreement was carefully negotiated because it is not consistent with the Complaint's allegations that they took a mere matter of days.

### C. *Omnicare* Only Concerns How Investors Interpret Statements

Defendants claim that *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175 (2015), a 2015 Supreme Court case, mandated that courts consider extrinsic facts sub silentio revoked Federal Rule of Civil Procedure 12 in securities cases. They do not cite any case decided in the intervening seven years that has endorsed their view.

*Omnicare* does mention, in passing, that courts may take into account the "customs and practices of the relevant industry." *Id.* at 190. But courts may consider these customs and practices *to determine how investors would have interpreted statements* not to establish what in fact happened. *Id.* ("customs and practices" are relevant because "whether an omission makes an expression of opinion misleading always depends on context."). The Second Circuit case Defendants cite confirms that *Omnicare*'s holding was limited to interpreting statements. In *Tongue*, the plaintiffs alleged that the defendants' statements expressing enthusiasm that the FDA would approve the company's drug misleadingly concealed that the FDA had expressed concerns. *Tongue v. Sanofi*, 816 F.3d 199, 211 (2d Cir. 2016). But, the Second Circuit ruled, investors would

4

not draw an inference that the feedback was all positive because they understand the FDA regularly surfaces concerns in the constant dialogue it holds with companies seeking approval. *Id.*

Here, for example, in interpreting Defendants' statements, the Court can consider that investors would have expected plentiful due diligence before Tilray signed the ABG Agreement. *See Abramson v. Newlink Genetics Corp.*, 965 F.3d 165, 177 (2d Cir. 2020)(investors viewing a presentation at an important industry tradeshow "would have credited [defendants'] statement as researched and intentional, part of a well-prepared professional presentation."). But the Court cannot assume that Tilray "carefully negotiated and vetted [the ABG Transaction] with assistance from outside experts" just because other companies faced with nine-figure transactions would do so. Indeed, that it departs from industry practice is one reason why Defendants' statements concealing that the due diligence had taken mere days was materially misleading. *See Abramson*, 965 F.3d at 177.

### D. Plaintiffs Would Be Prejudiced if the Court Attempted to Refashion Proper Arguments for Defendants

Defendants inextricably interweave improper facts into their arguments. For example, Defendants base their argument that the failure to impair the ABG Agreement was not misleading on purported consultations with and approvals from experts, as well as purported industry beliefs, that are not before the Court. MTD 16. They do not make a separate argument based on facts properly before the Court.

The Court is under no obligation to recast Defendants' arguments so that they rely only on proper facts. Moreover, Plaintiffs would be prejudiced were the Court to rule based on arguments that Defendants should have but did not  make, because Plaintiffs would have no opportunity to respond to the arguments.

The Court can, and should, summarily deny Defendants' motion to dismiss. *Tomaszewski v. Trevena, Inc.*, 482 F. Supp. 3d 317, 329 (E.D. Pa. 2020).

**E. The Court May Incorporate the Forms 3 and 4 Setting Out Kennedy's Transactions in and Shareholdings of Tilray Stock For the Truth of their Contents**

Courts in this District have recognized that they "may use information from SEC filings regarding a defendant's stock sales to determine whether such sales were 'unusual' or 'suspicious.'" *In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*, 763 F. Supp. 2d 423, 582 (S.D.N.Y. 2011). This limited exception exists because the Forms 3 and 4 are completed under penalty of perjury, publicly filed, and incorporated by reference into the Complaint. *Id.* Thus, the Court may use Forms 3 and 4 to determine Kennedy's sales and shareholdings of Tilray stock. *Id.* at 582, 583.

## III. CONCLUSION

There is no principle more fundamental to motions to dismiss than that they are not to be used to resolve factual disputes.  Defendants read certain words in *Tellabs* and *Omnicare* to reverse this principle, but they misstate both cases' holdings and ignore controlling authority that precisely refutes the point they tried to make. Because there is no such thing as a "Full Context Review" on a motion to dismiss that includes whatever facts counsel fancy would help their case, the Court should deny Defendants' request and deny their motion to dismiss.

Dated: March 24, 2022

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Jonathan Horne
Jonathan Horne (JH 7258)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: jhorne@rosenlegal.com
Email: lrosen@rosenlegal.com

*Lead Counsel for Lead Plaintiff and Class*

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Jonathan Horne