**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GANESH KASILINGAM, individually and
on behalf of all others similarly situated,

                            Plaintiff,

- against-

TILRAY, INC., BRENDAN KENNEDY,
 and MARK CASTANEDA,

                            Defendants.

Case No. 20-cv-03459 (PAC) (KNF)

### REPLY IN FURTHER SUPPORT OF THE DEFENDANTS' REQUEST FOR FULL CONTEXT REVIEW AND/OR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Plaintiffs do not dispute that the Court may properly consider each document offered by Defendants when evaluating the sufficiency of the SAC:[1] as discussed in Defendants' opening brief, the Court's consideration of these documents is required by federal substantive securities law and permitted by federal procedural rules.

Rather, Plaintiffs assert only that the Court cannot consider most of these documents for the truth of their contents.[2] But Defendants never asked the Court to do so; Plaintiffs' Opposition rests on a fundamental mischaracterization of Defendants' RJN and binding securities case law. Consistent with Supreme Court precedent, Defendants simply ask the Court to use the documents

---

[1] All defined terms herein take the same meaning as in Defendants' Request for Full Context Review And/Or Judicial Notice ("RJN"; Dkt. #101). The documents offered by Defendants are referenced in the RJN, and/or are attached as Exhibits ("Ex. __") to, and/or referenced in, the Declaration of Douglas W. Greene, Esq. in Support of Defendants' RJN and Motion to Dismiss Plaintiffs' Second Amended Complaint ("Greene Declaration"; Dkt. #102).

[2] Plaintiffs concede that the Court may consider Mr. Kennedy's Forms 3 and 4 filed with the Securities and Exchange Commission ("SEC") for the truth of their contents. *See* Pl. Mem. of Law in Opp. to Defs' Request for Review and Mot. to Dismiss ("Opp. to RJN"; Dkt. #105), at 6.

at issue to objectively contextualize the challenged statements, and to evaluate Plaintiffs' scienter allegations in light of the competing factual inferences. While these materials are not necessary to the success of Defendants' Motion to Dismiss, they provide important context for assessing Plaintiffs' claims and further demonstrate the SAC's inadequacy.

For the reasons discussed below and in Defendants' RJN, it is both appropriate and necessary for the Court to consider the documents attached as Exhibits 1-15 to the Greene Declaration and/or referred to in the RJN in order properly to evaluate Plaintiffs' claims.

## ARGUMENT

### I.    Substantive Securities Law Requires Full Context Review of Pleadings

Federal substantive securities law imposes on district courts a gatekeeping function at the motion to dismiss stage that transcends and supersedes general rules of procedure. *See* RJN, at 1-4. Congress enacted the Reform Act for the express purpose of screening out meritless securities class actions at the pleading stage, imposing heightened requirements for pleading falsity and scienter, and specifying that the district court "shall dismiss the complaint" on a motion to dismiss if it does not meet the heightened standards. *See id.* The federal securities laws—as construed by the Supreme Court in *Tellabs* and *Omnicare*—require courts to consider the full range of publicly available, judicially noticeable, and incorporated documents and information for context when evaluating the sufficiency of securities class action complaints. *See id.*

Plaintiffs characterize Defendants' request for full context review as asking the Court to "take judicial notice of or incorporate by reference documents for the truth of their contents," (Opp. to RJN, at 1), but that is not what Defendants seek. Rather, as U.S. Supreme Court precedent requires, Defendants simply ask the Court to objectively contextualize Plaintiffs' falsity allegations and evaluate their scienter allegations in light of competing factual inferences. Plaintiffs are not entitled to have their falsity and scienter allegations evaluated in a vacuum, nor

are they entitled to have all inferences concerning scienter drawn in their favor. *See* RJN, at 1-4. Rather, the sufficiency of falsity allegations "always depends on context" and requires consideration of, among other things, "all [the challenged statement's] surrounding text, including hedges, disclaimers, and apparently conflicting information" as well as "the customs and practices of the relevant industry." *Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund*, 575 U.S. 175, 190 (2015). And determining whether a complaint pleads a "strong inference" of scienter requires weighing "plausible, nonculpable explanations for the defendant's conduct" and considering not only the complaint but also documents incorporated by reference and matters of which courts may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322-24 (2007). Plaintiffs' argument that the Court must draw inferences only in their favor would mean that the Court could not identify and weigh nonculpable inferences—which would nullify *Tellabs*.

Plaintiffs try to re-write *Omnicare* and *Tellabs* to fit their arguments. First, they argue that *Omnicare* stands only for the limited proposition that courts may consider the customs and practices of the relevant industry "to determine how investors would have interpreted statements." Opp. to RJN at 4. But as the Second Circuit has recognized, *Omnicare* did much more: it "emphasized the need to examine the context of an allegedly misleading [statement of] opinion"— not merely the customs and practices of the industry but the entirety of the "broader frame" within which an investor would have interpreted each challenged statement. *Tongue v. Sanofi*, 816 F.3d 199, 211, 214 (2d Cir. 2016). For example, in *Sanofi*, the Second Circuit relied on FDA publications showing that the "FDA ha[d] long made public its preference for double-blind trials" as important context for analyzing the challenged statements concerning the defendants' ill-fated, non-double-blind trials. *Id.* at 212–13. In light of this contextualizing information, the Second

Circuit held that the statements were not misleading, reasoning that the plaintiffs could not "claim surprise when it [was] revealed that the FDA meant what it said." *Id.*; *see also Shreiber v. Synacor, Inc*, 832 F. App'x 54, 57 (2d Cir. 2020) (holding that challenged statements were not misleading when "viewed in context" upon consideration of defendants' other public statements and publicly available documents that "tend[ed] to show" the allegedly omitted information). And recently, the Second Circuit relied on medical publications and analyst reports not cited in the complaint for its conclusion that there was no "industry consensus" concerning a medical definition, undercutting the plaintiffs' allegations of both falsity and scienter. *Arkansas Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*, 28 F.4th 343, 350, 352-56 (2d Cir. 2022) (affirming district court's judicial notice of analyst reports presented by defendants on a motion to dismiss and not cited in the complaint). The Supreme Court's *Omnicare* decision, and the Second Circuit's decisions in *Sanofi*, *Synacor*, and *Bristol-Myers* only confirm the appropriateness of the materials presented to the Court.[3]

Plaintiffs also incorrectly argue that under *Tellabs* a court may not draw non-culpable inferences regarding scienter from context surrounding a complaint's allegations if that context is inconsistent with the "facts alleged in [the] complaint." Opp. to RJN, at 3. In so arguing, Plaintiffs rely on a single sentence (taken out of context): "The [scienter] inquiry is inherently comparative: How likely is it that one conclusion, as compared to others, follows from the underlying facts?" *Tellabs*, 551 U.S. at 323. But this sentence does not imply, as Plaintiffs argue, that courts must consider scienter allegations in a vacuum. *Id.* (the "strength of an inference cannot be decided in a

---

[3] The Ninth Circuit's decision in *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), is not to the contrary. "*Khoja* [] did not eradicate the rule that alleged false statements 'must be analyzed in context.'" *In re Eventbrite, Inc. Sec. Litig.*, No. 18-cv-02019 (EJD), 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020). And "*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations." *Id.* (emphasis in original).

vacuum"). Rather, it merely reflects that a complaint's scienter allegations naturally will rise or fall based on the relative strength of the competing inferences to be drawn from the facts before the court—e.g., allegations in the complaint, documents incorporated by reference, SEC filings, other judicially noticeable materials, etc. What those competing inferences entail—and their relative strength—may (and under *Tellabs* must) be informed by all relevant information properly before the court. *See Tellabs*, 551 U.S. at 322-23; *Chapman v. Mueller Water Prod., Inc.*, 466 F. Supp. 3d 382, 410 (S.D.N.Y. 2020) ("A 'strong inference' of scienter is one that, **after considering the full context and opposing inferences**, is 'cogent and at least as compelling as any opposing inference one could draw from the facts alleged.'") (citing *Tellabs*) (emphasis added). Plaintiffs' approach would prevent the Court from performing *Tellabs'* required analysis by improperly limiting the information available for that purpose.

Moreover, *Omnicare* demonstrates that Plaintiffs' focus on whether the Court may consider the documents for the truth of their contents is misplaced. The full context review of falsity allegations required by *Omnicare* is an "objective" inquiry focusing "on the perspective of the reasonable investor." *See Omnicare*, 575 U.S. at 186-87. In determining whether a challenged statement would mislead a hypothetical reasonable investor, courts must take into account (among other things) the contextualizing publicly available information the hypothetical investor would have known. Whether the contextualizing information is true is beside the point; what matters is that it informed the investor's understanding of the challenged statement. Put another way, the full context review required by *Omnicare* recognizes that companies are entitled to presume they are speaking to a knowledgeable market—they are not required to recite every piece of publicly available information that might be relevant each time they speak. And a securities complaint

cannot avoid dismissal by cherry-picking allegations to avoid the Court's evaluation of relevant contextual information.

That is precisely what Plaintiffs seek to do here. The thrust of Plaintiffs' Opposition to the RJN is geared toward shielding from the Court the context of the statements they challenge and the many non-culpable inferences to be drawn from the documents properly before it. For example, Plaintiffs devote much of their RJN Opposition to arguing that the Court cannot take judicial notice of the fact that BofA Merrill Lynch ("BofA") served as financial advisor to Tilray in connection with the ABG Agreement.[4] Opp. to RJN, at 3. But regardless of whether the Court accepts the "truth" of BofA's engagement, the Court must still consider the fact that their involvement was disclosed to the market in evaluating falsity and scienter, given that it (indisputably) provides relevant context for the challenged statements concerning Tilray's due diligence and what the Defendants believed about that due diligence.[5] Plaintiffs likewise argue that the Court cannot infer from the disclosure regarding BofA that the ABG Agreement was "carefully negotiated." *See id.* at 3-5.[6] But this is plainly contrary to *Omnicare* and *Tellabs*, which empower this Court to draw reasonable inferences in evaluating statements in their full context and weighing inferences. Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"—including Plaintiffs' conclusory assertions that the allegations give rise to a strong inference of scienter. *See In re Bank of Am. AIG Disclosure Sec.*

---

[4] Notably, Plaintiffs do not dispute the truth of BofA's engagement in either of their current oppositions. *See In re Bank of Am. AIG Disclosure Sec. Litig.*, 980 F. Supp. 2d at 571 (considering undisputed facts in ruling on a motion to dismiss); *see also Baez v. New York City Dep't of Transp.*, No. 14-cv-02520 (LGS), 2015 WL 3763878, at *1 (S.D.N.Y. June 15, 2015) (considering undisputed facts in defendants' answers).

[5] Moreover, contrary to Plaintiffs' assertion, Defendants' argument that Tilray's valuations of the ABG Agreement were true and not misleading statements of opinion does not depend on Tilray's having retained experts. Opp. to RJN, at 5; *see* Def. Mem. in support of Mot. to Dismiss (Dkt. #100), at 14-16.

[6] Defendants note that if Plaintiffs wanted to dispute the non-culpable inferences flowing from the disclosure regarding BofA, they should have done so in their opposition to Defendants' Motion to Dismiss the SAC.

*Litig.*, 980 F. Supp. 2d 564, 570 (S.D.N.Y. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), *aff'd*, 566 F. App'x 93 (2d Cir. 2014).

In sum, the Reform Act and Supreme Court cases interpreting falsity (*Omnicare*) and scienter (*Tellabs*) in the securities context, require courts to undertake a more demanding analysis of securities complaints at the pleading stage than is contemplated by general procedural rules. The narrow approach Plaintiffs urge would improperly restrict the scope of this review, frustrating the federal substantive securities law's stated purpose of weeding out securities claims that, however artfully pleaded, fail to meet the substantive securities law's high hurdles when considered in appropriate context.[7]

## II.    Federal Procedural Law Permits Consideration of the Attached Documents

Alternatively, the same documents may be considered under the standard federal procedural rules regarding incorporation by reference and judicial notice. *See* RJN, at 7-12. Plaintiffs do not dispute (nor could they) that these documents may be considered under the procedural rules because each is either incorporated by reference into the complaint (*see id.* at 8-9), an SEC filing subject to judicial notice (*see id.* at 9-11), and/or a news article or other publicly available source subject to judicial notice (*see id.* at 11-12). *See, e.g.*, *In re Bank of Am. AIG Disclosure Sec. Litig.*, 980 F. Supp. 2d at 570 (courts may "consider documents that are referenced in the complaint, documents that the plaintiffs relied on in bringing suit," "press coverage establishing what information existed in the public domain," "public disclosure documents that must be filed with the [SEC]," and documents that "bear on the adequacy of SEC disclosures").

---

[7] As discussed in the RJN, under the Rules Enabling Act, the substantive securities laws define the scope of what courts may consider. RJN, at 3-4. To the extent general procedural rules are inconsistent with those substantive securities laws, they must give way. *Id.*; *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 407 (2010) (a procedural rule must yield to substantive rights "if it alters the rules of decision by which the court will adjudicate those rights" (internal quotation marks omitted)).

Once again Plaintiffs primarily argue that, while these documents may be subject to judicial notice, federal procedural law does not permit the Court to consider the documents for the truth of their contents, as opposed to the fact of their contents. *See* Opp. to RJN, at 1-2. The Court need not accept the facts presented in the RJN materials as true in order to grant Defendants' Motion, but a number of courts—including the Second Circuit—have recognized that documents incorporated by reference in the complaint may be considered (in their entirety) for the truth of their contents. *Bristol-Myers Squibb Co.*, 28 F.4th at 352 n.3  ("district courts may 'permissibly consider documents other than the complaint' for the truth of their contents if they 'are attached to the complaint or incorporated in it by reference'"); *see also Chapman*, 466 F. Supp. 3d at 387-88 ("The Court accepts the well-pleaded allegations of the SAC and the documents incorporated therein as true for purposes of the motion to dismiss."); *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 ("Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents.") (citing *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014)). In any case, as Defendants' briefing makes clear, even the more limited use of the documents advocated by Plaintiffs helps demonstrate the insufficiency of Plaintiffs' pleadings.

***

Finally, Plaintiffs make the last-ditch argument that the Motion to Dismiss so "inextricably interweave[s] improper facts" that the Court should summarily deny it. Opp. to RJN, at 5-6. For this, Plaintiffs rely on a single, inapposite out-of-circuit case in which the court denied a motion to dismiss because it relied almost entirely upon confidential FDA communications that were not publicly available and not referenced in or integral to the complaint. *Id.* at 6 (citing *Tomaszewski v. Trevena, Inc.*, 482 F. Supp. 3d 317, 329 (E.D. Pa. 2020)). Here there are no such extreme

8

circumstances: all of the documents presented to the Court are publicly available, referenced in or integral to the allegations in the SAC, and/or provide necessary context for evaluating the challenged statements. This Court is fully capable of thoroughly assessing the claims and defenses in this case, as evidenced by its September 27, 2021 Opinion & Order dismissing Plaintiffs' First Amended Complaint. *See* 9/27/2021 Opinion & Order (Dkt. #92). Denial of Defendants' Motion to Dismiss on this basis would be unnecessary and improper.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court consider the materials referenced in their Request for Full Context Review And/Or Judicial Notice and attached to the Greene Declaration when deciding their Motion to Dismiss the Second Amended Complaint.

Dated: May 9, 2022

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: */s/ Douglas W. Greene*

Douglas W. Greene (*pro hac vice*)
dgreene@bakerlaw.com
Zachary R. Taylor
ztaylor@bakerlaw.com
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212.589.4200

Genevieve G. York-Erwin
gyorkerwin@bakerlaw.com
999 Third Avenue, Suite 3900
Seattle, WA 98104
Telephone: 206.566.7079

*Attorneys for Defendants*