**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GANESH KASILINGAM, individually and on behalf of all others similarly situated, | : : : |
| Plaintiff, | : Case No. 20-cv-03459-PAC : |
| -against- | : : |
| TILRAY, INC., BRENDAN KENNEDY, and MARK CASTANEDA, | : : : |
| Defendants. | : : : |

**DEFENDANTS TILRAY, INC. AND BRENDAN KENNEDY'S**
**ANSWER TO THE SECOND AMENDED COMPLAINT**

Defendants Tilray, Inc. ("Tilray") and Brendan Kennedy ("Kennedy") (collectively, "Defendants"), by and through their undersigned counsel, hereby answer to the Second Amended Complaint ("Complaint"; Dkt. #95) filed by Lead Plaintiff Ganesh Kasilingam, individually and on behalf of all others similarly situated ("Plaintiffs").[1]

Numbered paragraphs below correspond to the like-numbered paragraphs in the Complaint. Except as specifically admitted, Defendants deny the allegations in the Complaint, including without limitation the headings, subheadings, and footnotes contained within the Complaint; specifically deny any liability to Plaintiffs and any members of the putative class that Plaintiffs purport to represent; and deny that any of the claims asserted against Defendants may properly be maintained as a class action.

Defendants further respond to the specific allegations in the Complaint as follows:

1.      Defendants admit that Paragraph 1 purports to describe Plaintiffs' claims. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 1.

2.      Defendants deny the allegations in Paragraph 2.

3.      Defendants admit that Tilray conducted an initial public offering in July 2018. To the extent the allegations in Paragraph 3 rely on other factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 3.

4.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and, on that basis, deny them.

---

[1] None of the responses or defenses contained herein shall be deemed a waiver of Defendants' rights, objections, or defenses in connection with their pending Motion for Reconsideration and/or to Certify for Interlocutory Appeal (Dkt. #110).

5. Defendants admit that Tilray entered into an agreement with Authentic Brands Group ("ABG"). Defendants also admit that the allegations in Paragraph 5 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 5.

6. Defendants deny the allegations in Paragraph 6.

7. Defendants admit that the allegations in Paragraph 7 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 7.

8. Defendants admit that the allegations in Paragraph 8 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 8.

9. Defendants deny the allegations in Paragraph 9.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and, on that basis, deny them.

11. Defendants deny the allegations in Paragraph 11.

12. Defendants admit that the allegations in Paragraph 12 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 12.

13.     Defendants admit that the allegations in Paragraph 13 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 13.

14.     Defendants admit that the allegations in Paragraph 14 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 14.

15.     Defendants admit that the allegations in Paragraph 15 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 15.

16.     Defendants admit that the allegations in Paragraph 16 appear to characterize information contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 16.

17.     Defendants deny the allegations in Paragraph 17.

18.     Defendants deny the allegations in Paragraph 18.

19.     Defendants admit that Paragraph 19 purports to describe Plaintiffs' claims. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 19.

20.     To the extent the allegations in Paragraph 20 state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 20, except admit that this Court has jurisdiction over claims properly

asserted under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa).

21. To the extent the allegations in Paragraph 21 state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 21, except admit that venue in this District is proper.

22. To the extent the allegations in Paragraph 22 state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 22.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and, on that basis, deny them.

24. Defendants admit that the allegations in Paragraph 24 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 24.

25. Defendants admit that the allegations in Paragraph 25 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 25.

26. Defendants admit that the allegations in Paragraph 26 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 26.

27.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and, on that basis, deny them.

28.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 28, and, on that basis, deny them.

29.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and, on that basis, deny them.

30.    Defendants admit that the allegations in Paragraph 30 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 30.

31.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and, on that basis, deny them.

32.    Defendants admit that the allegations in Paragraph 32 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 32.

33.    Defendants admit that the allegations in Paragraph 33 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 33.

34.    Defendants admit that the allegations in Paragraph 34 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the

extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 34.

35.    Defendants admit that the allegations in Paragraph 35 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 35.

36.    Defendants admit that the allegations in Paragraph 36 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 36.

37.    Defendants admit that the allegations in Paragraph 37 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 37.

38.    To the extent the allegations in Paragraph 38 rely on factual assertions made by confidential former employees ("CWs"), Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and, on that basis, deny them. To the extent the allegations in Paragraph 38 rely on any other factual assertions, Defendants admit that the allegations in Paragraph 38 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 38.

39.    Defendants admit that the allegations in Paragraph 39 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the

extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 39.

40.    To the extent the allegations in Paragraph 40 relate to allegations already dismissed by the Court, no response is required or appropriate. To the extent a response is required, Defendants admit that the allegations in Paragraph 40 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 40.

41.    To the extent the allegations in Paragraph 41 relate to allegations already dismissed by the Court, no response is required or appropriate. To the extent a response is required, Defendants admit that the allegations in Paragraph 41 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 41.

42.    To the extent the allegations in Paragraph 42 relate to allegations already dismissed by the Court, no response is required or appropriate. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and, on that basis, deny them.

43.    To the extent the allegations in Paragraph 43 relate to allegations already dismissed by the Court, no response is required or appropriate. To the extent a response is required, Defendants admit that the allegations in Paragraph 43 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 43.

44.    To the extent the allegations in Paragraph 44 relate to allegations already dismissed by the Court, no response is required or appropriate. To the extent a response is required,

Defendants admit that the allegations in Paragraph 44 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 44.

45.     To the extent the allegations in Paragraph 45 relate to allegations already dismissed by the Court, no response is required or appropriate. To the extent a response is required, Defendants admit that the allegations in Paragraph 45 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 45.

46.     To the extent the allegations in Paragraph 46 relate to allegations already dismissed by the Court, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 46.

47.     To the extent the allegations in Paragraph 47 relate to allegations already dismissed by the Court, no response is required or appropriate. To the extent a response is required, to the extent the allegations in Paragraph 47 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 47.

48.     To the extent the allegations in Paragraph 48 relate to allegations already dismissed by the Court, no response is required or appropriate. To the extent a response is required, to the extent the allegations in Paragraph 48 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 48.

49.     To the extent the allegations in Paragraph 49 relate to allegations already dismissed by the Court, no response is required or appropriate. To the extent a response is required, to the extent the allegations in Paragraph 49 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 49.

50.     To the extent the allegations in Paragraph 50 relate to allegations already dismissed by the Court, no response is required or appropriate. To the extent a response is required, to the extent the allegations in Paragraph 50 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 50.

51.     To the extent the allegations in Paragraph 51 relate to allegations already dismissed by the Court, no response is required or appropriate. To the extent a response is required, to the extent the allegations in Paragraph 51 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 51.

52.     To the extent the allegations in Paragraph 52 relate to allegations already dismissed by the Court, no response is required or appropriate. To the extent a response is required, to the extent the allegations in Paragraph 52 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph

52, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 52.

53. To the extent the allegations in Paragraph 53 relate to allegations already dismissed by the Court, no response is required or appropriate. To the extent a response is required, to the extent the allegations in Paragraph 53 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 53.

54. To the extent the allegations in Paragraph 54 relate to allegations already dismissed by the Court, no response is required or appropriate. To the extent a response is required, to the extent the allegations in Paragraph 54 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 54.

55. To the extent the allegations in Paragraph 55 relate to allegations already dismissed by the Court, no response is required or appropriate. To the extent a response is required, to the extent the allegations in Paragraph 55 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 55.

56. Defendants admit that the allegations in Paragraph 56 appear to characterize accounting guidance, which speaks for itself. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 56.

57.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, and, on that basis, deny them.

58.     Defendants admit that the allegations in Paragraph 58 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations in Paragraph 58 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 58.

59.     To the extent the allegations in Paragraph 59 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 59.

60.     To the extent the allegations in Paragraph 60 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 60.

61.     To the extent the allegations in Paragraph 61 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 61.

62.     Defendants deny the allegations in Paragraph 62.

63.    Defendants admit that the allegations in Paragraph 63 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 63.

64.    Defendants deny the allegations in Paragraph 64.

65.    Defendants admit that the allegations in Paragraph 65 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 65.

66.    Defendants admit that the allegations in Paragraph 66 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 66.

67.    Defendants deny the allegations in Paragraph 67.

68.    Defendants admit that the allegations in Paragraph 68 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 68.

69.    Defendants admit that the allegations in Paragraph 69 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 69.

70.    Defendants admit that the allegations in Paragraph 70 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 70.

71.    Defendants admit that the allegations in Paragraph 71 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 71.

72.    Defendants admit that the allegations in Paragraph 72 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 72.

73.    To the extent the allegations in Paragraph 73 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 73.

74.    Defendants deny the allegations in Paragraph 74.

75.    Defendants admit that the allegations in Paragraph 75 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 75.

76.    To the extent the allegations in Paragraph 76 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 76.

77.    Defendants admit that the allegations in Paragraph 77 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 77.

78.    Defendants admit that Plaintiffs reference and selectively quote from a July 22, 2018 Market Watch article, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 78. Defendants respectfully refer the Court to the July 22, 2018 Market Watch article referenced in Paragraph 78 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 78.

79.    Defendants admit that the allegations in Paragraph 79 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 79.

80.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, and, on that basis, deny them.

81.    Defendants admit that Plaintiffs reference a January 15, 2019 press release, which speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 81. Defendants respectfully refer the Court to the January 15, 2019 press release referenced in Paragraph 81 for a complete and accurate statement of its contents.

82.    Defendants admit that Plaintiffs reference and selectively quote from the January 15, 2019 press release, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 82. Defendants respectfully refer the Court to the January 15, 2019 press release referenced in Paragraph 82 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 82.

83.    Defendants deny the allegations in Paragraph 83.

84.    Defendants admit that Plaintiffs reference and selectively quote from a January 15, 2019 article in the Financial Post, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 84. Defendants respectfully refer the Court to the January 15, 2019 article in the Financial Post referenced in Paragraph 84 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 84.

85.    Defendants deny the allegations in Paragraph 85.

86.    Defendants admit that Plaintiffs reference and selectively quote from a March 18, 2019 conference call transcript, which speaks for itself. Except to the extent expressly admitted,

Defendants deny the allegations in Paragraph 86. Defendants respectfully refer the Court to the March 18, 2019 conference call transcript referenced in Paragraph 86 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 86.

87.     Defendants deny the allegations in Paragraph 87.

88.     Defendants admit to the allegations in Paragraph 88.

89.     Defendants admit that Plaintiffs reference and selectively quote from Tilray's 2018 10-K, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 89. Defendants respectfully refer the Court to the 2018 10-K referenced in Paragraph 89 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 89.

90.     Defendants admit that Plaintiffs reference and selectively quote from Tilray's 2018 10-K, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 90. Defendants respectfully refer the Court to the 2018 10-K referenced in Paragraph 90 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 90.

91.     Defendants deny the allegations in Paragraph 91.

92.     Defendants admit that Tilray held a conference call on May 14, 2019. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 92.

93.     Defendants admit that Plaintiffs reference and selectively quote from a May 14, 2019 conference call transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 93. Defendants respectfully refer the Court to the May 14, 2019 conference call transcript referenced in Paragraph 93 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 93.

94.   Defendants deny the allegations in Paragraph 94.

95.   Defendants admit the allegations in Paragraph 95.

96.   Defendants deny the allegations in Paragraph 96.

97.   Defendants admit that Plaintiffs reference and selectively quote from Tilray's Q1 2019 10-Q, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 97. Defendants respectfully refer the Court to the Q1 2019 10-Q referenced in Paragraph 97 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 97.

98.   Defendants admit that Plaintiffs reference and selectively quote from Tilray's Q1 2019 10-Q, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 98. Defendants respectfully refer the Court to the Q1 2019 10-Q referenced in Paragraph 98 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 98.

99.   Defendants deny the allegations in Paragraph 99.

100.   Defendants admit that Plaintiffs reference Tilray's Q1-Q3 2019 10-Qs, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 100. Defendants respectfully refer the Court to the Q1-Q3 2019 10-Qs referenced in Paragraph 100 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 100.

101.   Defendants admit that Plaintiffs reference and selectively quote from Tilray's Q1 2019 10-Q, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 101. Defendants respectfully refer the Court to the Q1 2019 10-Q

referenced in Paragraph 101 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 101.

102.  Defendants admit that the allegations in Paragraph 102 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 102.

103.  Defendants admit that the allegations in Paragraph 103 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 103.

104.  Defendants admit that the allegations in Paragraph 104 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 104.

105.  Defendants admit that the allegations in Paragraph 105 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 105.

106.  Defendants deny the allegations in Paragraph 106.

107.  Defendants admit that Tilray held a conference call on August 13, 2019. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 107.

108.  Defendants admit that Plaintiffs reference and selectively quote from an August 13, 2019 conference call transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 108. Defendants respectfully refer the Court to the August 13, 2019 conference call transcript referenced in Paragraph 108 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 108.

109.  Defendants deny the allegations in Paragraph 109.

110. Defendants admit that Plaintiffs reference and selectively quote from an August 13, 2019 conference call transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 110. Defendants respectfully refer the Court to the August 13, 2019 conference call transcript referenced in Paragraph 110 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 110.

111. Defendants deny the allegations in Paragraph 111.

112. Defendants admit that Tilray filed its 10-Q for the quarter ended June 30, 2019 on August 13, 2019 and that Kennedy signed it.

113. Defendants deny the allegations in Paragraph 113.

114. Defendants admit that Plaintiffs reference and selectively quote from Tilray's Q2 2019 10-Q, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 114. Defendants respectfully refer the Court to the Q2 2019 10-Q referenced in Paragraph 114 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 114.

115. Defendants deny the allegations in Paragraph 115.

116. Defendants admit that Plaintiffs reference and selectively quote from Tilray's Q2 2019 10-Q, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 116. Defendants respectfully refer the Court to the Q2 2019 10-Q referenced in Paragraph 116 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 116.

117. Defendants deny the allegations in Paragraph 117.

118.    Defendants admit that the allegations in Paragraph 118 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 118.

119.    Defendants admit that the allegations in Paragraph 119 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 119.

120.    Defendants admit that Plaintiffs reference and selectively quote from an August 13, 2019 conference call transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 120. Defendants respectfully refer the Court to the August 13, 2019 conference call transcript referenced in Paragraph 120 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 120.

121.    Defendants deny the allegations in Paragraph 121.

122.    Defendants admit that on November 12, 2019, Tilray filed its 10-Q for the three months ended September 30, 2019 and held a conference call. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 122.

123.    Defendants deny the allegations in Paragraph 123.

124.    Defendants deny the allegations in Paragraph 124.

125.    Defendants deny the allegations in Paragraph 125.

126.    Defendants admit that Plaintiffs reference a Q3 2019 conference call transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 126. Defendants respectfully refer the Court to the Q3 2019 conference call transcript referenced in Paragraph 126 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 126.

127.    Defendants admit that Plaintiffs reference and selectively quote from a Q3 2019 conference call transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 127. Defendants respectfully refer the Court to the Q3 2019 conference call transcript referenced in Paragraph 127 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 127.

128.    Defendants admit that Plaintiffs reference and selectively quote from a Q3 2019 conference call transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 128. Defendants respectfully refer the Court to the Q3 2019 conference call transcript referenced in Paragraph 128 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 128.

129.    Defendants admit that Plaintiffs reference and selectively quote from a Q3 2019 conference call transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 129. Defendants respectfully refer the Court to the Q3 2019 conference call transcript referenced in Paragraph 129 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 129.

130.    Defendants admit that Plaintiffs reference and selectively quote from a Q3 2019 conference call transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 130. Defendants respectfully refer the Court to the Q3 2019 conference call transcript referenced in Paragraph 130 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 130.

131.    Defendants deny the allegations in Paragraph 131.

132.    Defendants admit that Plaintiffs reference and selectively quote from a November 15, 2019 report, which speaks for itself. Except to the extent expressly admitted, Defendants deny

the allegations in Paragraph 132. Defendants respectfully refer the Court to the November 15, 2019 report referenced in Paragraph 132 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 132.

133.    Defendants deny the allegations in Paragraph 133.

134.    Defendants admit that Plaintiffs reference and selectively quote from Tilray's Q3 2019 10-Q, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 134. Defendants respectfully refer the Court to Tilray's Q3 2019 10-Q referenced in Paragraph 134 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 134.

135.    Defendants deny the allegations in Paragraph 135.

136.    Defendants admit that the allegations in Paragraph 136 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 136.

137.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 and, on that basis, deny them.

138.    Defendants admit that on March 2, 2020, Tilray filed its 10-K for the year ended December 31, 2019 and held a conference call. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 138.

139.    Defendants admit that Plaintiffs reference and selectively quote from Tilray's 2019 10-K, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 139. Defendants respectfully refer the Court to Tilray's 2019 10-K referenced in Paragraph 139 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 139.

140.     Defendants admit that Plaintiffs reference and selectively quote from a March 3, 2020 Jefferies report, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 140. Defendants respectfully refer the Court to March 3, 2020 Jefferies report referenced in Paragraph 140 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 140.

141.     Defendants deny the allegations in Paragraph 141.

142.     Defendants admit that Plaintiffs reference and selectively quote from Tilray's 2019 10-K, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 142. Defendants respectfully refer the Court to Tilray's 2019 10-K referenced in Paragraph 142 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 142.

143.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 and, on that basis, deny them.

144.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 and, on that basis, deny them.

145.     Defendants admit that Plaintiffs reference and selectively quote from a March 3, 2020 Cantor Fitzgerald report, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 145. Defendants respectfully refer the Court to March 3, 2020 Cantor Fitzgerald report referenced in Paragraph 145 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 145.

146.     Defendants admit that Plaintiffs reference and selectively quote from Tilray's 2019 10-K, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 146. Defendants respectfully refer the Court to Tilray's 2019 10-K

referenced in Paragraph 146 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 146.

147.    Defendants deny the allegations in Paragraph 147.

148.    Defendants admit that Plaintiffs reference and selectively quote from a May 11, 2020 conference call transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 148. Defendants respectfully refer the Court to the May 11, 2020 conference call transcript referenced in Paragraph 148 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 148.

149.    Defendants deny the allegations in Paragraph 149.

150.    Defendants admit that Plaintiffs reference and selectively quote from an August 2018 Reddit Ask Me anything discussion, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 150. Defendants respectfully refer the Court to the August 2018 Ask Me anything discussion referenced in Paragraph 150 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 150.

151.    Defendants deny the allegations in Paragraph 151.

152.    Defendants admit that the allegations in Paragraph 152 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 152.

153.    Defendants admit that the allegations in Paragraph 153 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 153.

154.    Defendants admit the Tilray IPO occurred in July 2018 and that the allegations in Paragraph 154 appear to characterize statements contained in publicly available documents, which

speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 154.

155.    Defendants admit that the allegations in Paragraph 155 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 155.

156.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and, on that basis, deny them.

157.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 and, on that basis, deny them.

158.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 and, on that basis, deny them.

159.    Defendants deny the allegations in Paragraph 159.

160.    Defendants admit that the allegations in Paragraph 160 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 160.

161.    Defendants deny the allegations in Paragraph 161.

162.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 and, on that basis, deny them.

163.    Defendants admit that the allegations in Paragraph 163 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 163.

164.    To the extent the allegations of Paragraph 164 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny such allegations

in Paragraph 164. To the extent the allegations of Paragraph 164 contain factual assertions, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 and, on that basis, deny them.

165. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 and, on that basis, deny them.

166. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 and, on that basis, deny them.

167. Defendants deny the allegations in Paragraph 167.

168. Defendants admit that the allegations in Paragraph 168 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 168.

169. Defendants admit that Plaintiffs reference and selectively quote from Tilray's IPO Registration Statement, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 169. Defendants respectfully refer the Court to Tilray's IPO Registration Statement referenced in Paragraph 169 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 169.

170. Defendants admit that Plaintiffs reference an August 2, 2018 Reddit Ask Me Anything discussion, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 170. Defendants respectfully refer the Court to the August 2, 2018 Reddit Ask Me Anything discussion referenced in Paragraph 170 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 170.

171. Defendants admit that Plaintiffs reference and selectively quote from an August 2, 2018 Reddit Ask Me Anything discussion, which speaks for itself. Except to the extent expressly

25

admitted, Defendants deny the allegations in Paragraph 171. Defendants respectfully refer the Court to the August 2, 2018 Reddit Ask Me Anything discussion referenced in Paragraph 171 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 171.

172.    Defendants admit that Plaintiffs reference and selectively quote from a September 18, 2018 Mad Money interview, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 172. Defendants respectfully refer the Court to the September 18, 2018 Man Money interview referenced in Paragraph 172 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 172.

173.    Defendants admit that Plaintiffs reference and selectively quote from a December 20, 2018 Yahoo Finance article, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 173. Defendants respectfully refer the Court to the December 18, 2018 Yahoo Finance article referenced in Paragraph 173 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 173.

174.    Defendants admit that Plaintiffs reference and selectively quote from a May 5, 2019 Marijuana Venture article, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 174. Defendants respectfully refer the Court to the May 5, 2019 Marijuana Venture article referenced in Paragraph 174 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 174.

175.    Defendants admit that Plaintiffs reference and selectively quote from a Q2 2019 conference call transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 175. Defendants respectfully refer the Court to the

Q2 2019 conference call transcript referenced in Paragraph 175 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 175.

176. Defendants admit that the allegations in Paragraph 176 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 176.

177. Defendants admit that Plaintiffs reference and selectively quote from a November 4, 2015 Web Summit, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 177. Defendants respectfully refer the Court to a November 4, 2015 Web Summit referenced in Paragraph 177 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 177.

178. Defendants admit that Plaintiffs reference and selectively quote from an October 16, 2019 Weed on Wall Street interview, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 178. Defendants respectfully refer the Court to the October 16, 2019 Weed on Wall Street interview referenced in Paragraph 178 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 178.

179. Defendants admit that Plaintiffs reference and selectively quote from a December 18, 2019 CNBC interview, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 179. Defendants respectfully refer the Court to the December 18, 2019 CNBC interview referenced in Paragraph 179 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 179.

180. Defendants admit that Plaintiffs reference and selectively quote from a March 6, 2020 Wall Street Journal article, which speaks for itself. Except to the extent expressly admitted,

Defendants deny the allegations in Paragraph 180. Defendants respectfully refer the Court to the March 6, 2020 Wall Street Journal article referenced in Paragraph 180 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 180.

181. Defendants admit that Plaintiffs reference and selectively quote from n August 2018 Ask Me Anything discussion, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 181. Defendants respectfully refer the Court to the August 2018 Ask Me Anything discussion referenced in Paragraph 181 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 181.

182. Defendants admit that the allegations in Paragraph 182 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 182.

183. Defendants admit that the allegations in Paragraph 183 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 183.

184. Defendants admit that the allegations in Paragraph 184 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 184.

185. Defendants admit that the allegations in Paragraph 185 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 185.

186. Defendants admit that the allegations in Paragraph 186 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 186.

187.    Defendants admit that the allegations in Paragraph 187 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 187.

188.    Defendants admit that the allegations in Paragraph 188 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 188.

189.    Defendants admit that the allegations in Paragraph 189 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 189.

190.    Defendants admit that the allegations in Paragraph 190 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 190.

191.    Defendants admit that the allegations in Paragraph 191 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 191.

192.    Defendants admit that the allegations in Paragraph 192 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 192.

193.    Defendants admit that the allegations in Paragraph 193 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 193.

194. Defendants admit that the allegations in Paragraph 194 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 194.

195. Defendants admit that the allegations in Paragraph 195 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 195.

196. Defendants admit that the allegations in Paragraph 196 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 196.

197. Defendants admit that the allegations in Paragraph 197 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 197.

198. Defendants admit that the allegations in Paragraph 198 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 198.

199. Defendants deny the allegations in Paragraph 199.

200. Defendants admit that Plaintiffs reference Tilray's 2020 10-K, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 200. Defendants respectfully refer the Court to Tilray's 2020 10-K referenced in Paragraph 200 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 200.

201. Defendants admit that Plaintiffs reference a Q1 2020 conference transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in

Paragraph 201. Defendants respectfully refer the Court to the Q1 2020 conference call transcripts referenced in Paragraph 201 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 201.

202.   Defendants admit that the allegations in Paragraph 202 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 202.

203.   Defendants admit that the allegations in Paragraph 203 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 203.

204.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204 and, on that basis, deny them.

205.   Defendants deny the allegations in Paragraph 205.

206.   Defendants admit that the allegations in Paragraph 206 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 206.

207.   Defendants admit that the allegations in Paragraph 207 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 207.

208.   Defendants admit that the allegations in Paragraph 208 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 208.

209.   Defendants admit that the allegations in Paragraph 209 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent

the allegations in Paragraph 209 state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny such allegations contained in Paragraph 209. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 209.

210.    Defendants admit that the allegations in Paragraph 210 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations in Paragraph 210 state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny such allegations contained in Paragraph 210. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 210.

211.    Defendants admit that the allegations in Paragraph 211 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 211.

212.    Defendants admit that the allegations in Paragraph 212 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 212.

213.    Defendants admit that the allegations in Paragraph 213 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 213.

214.    Defendants admit that the allegations in Paragraph 214 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 214.

215.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215 and, on that basis, deny them.

216. Defendants admit that the allegations in Paragraph 216 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations in Paragraph 216 state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny such allegations contained in Paragraph 216. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 216.

217. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217 and, on that basis, deny them.

218. Defendants deny the allegations in Paragraph 218.

219. Defendants deny the allegations in Paragraph 219.

220. Defendants admit that the allegations in Paragraph 220 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 220.

221. Defendants admit that the allegations in Paragraph 221 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 221.

222. Defendants deny the allegations in Paragraph 222.

223. Defendants deny the allegations in Paragraph 223.

224. Defendants admit that Plaintiffs' reference and selectively quote from a January 6, 2019 Fortune interview, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 224. Defendants respectfully refer the Court to the January 6, 2019 Fortune discussion referenced in Paragraph 224 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 224.

225.    Defendants admit that Plaintiffs' reference and selectively quote from an October 17, 2018 Bloomberg interview, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 225. Defendants respectfully refer the Court to the October 17, 2018 Bloomberg interview referenced in Paragraph 225 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 225.

226.    Defendants admit that the allegations in Paragraph 226 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 226.

227.    Defendants deny the allegations in Paragraph 227.

228.    Defendants admit that the allegations in Paragraph 228 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 228.

229.    Defendants admit that the allegations in Paragraph 229 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 229.

230.    Defendants admit that the allegations in Paragraph 230 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 230.

231.    Defendants admit that the allegations in Paragraph 231 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 231.

232.   Defendants admit that the allegations in Paragraph 232 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 232.

233.   Defendants admit that the allegations in Paragraph 233 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 233.

234.   Defendants admit that the allegations in Paragraph 234 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 234.

235.   Defendants admit that the allegations in Paragraph 235 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 235.

236.   Defendants admit that the allegations in Paragraph 236 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 236.

237.   Defendants admit that the allegations in Paragraph 237 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 237.

238.   Defendants admit that the allegations in Paragraph 238 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 238.

239.	To the extent the allegations in Paragraph 239 state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 239.

240.	To the extent the allegations in Paragraph 240 state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 240.

241.	Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241 and, on that basis, deny them.

242.	Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242 and, on that basis, deny them.

243.	Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243 and, on that basis, deny them.

244.	Defendants admit that the allegations in Paragraph 244 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 244.

245.	Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 245 and, on that basis, deny them.

246.	To the extent the allegations in Paragraph 246 state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny such allegations contained in Paragraph 246. To the extent the allegations in Paragraph 246 state factual assertions, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246 and, on that basis, deny them.

247.    Defendants admit that the allegations in Paragraph 247 appear to characterize statements contained in publicly available documents, which speak for themselves. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 247.

248.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 248 and, on that basis, deny them.

249.    Defendants admit that Paragraph 249 purports to describe Plaintiffs' claims. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 249.

250.    To the extent the allegations in Paragraph 250 state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 250.

251.    To the extent the allegations in Paragraph 251 state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 251.

252.    To the extent the allegations in Paragraph 252 state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 252.

253.    To the extent the allegations in Paragraph 253 state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 253.

254.    To the extent the allegations in Paragraph 254 state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 254.

255.     To the extent the allegations in Paragraph 255 state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 255.

256.     Defendants deny the allegations in Paragraph 256.

257.     To the extent the allegations in Paragraph 257 state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny such allegations contained in Paragraph 257. To the extent the allegations in Paragraph 257 state factual assertions, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 257 and, on that basis, deny them.

258.     To the extent the allegations in Paragraph 258 state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 258.

259.     To the extent the allegations in Paragraph 259 state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 259.

260.     Defendants repeat and reallege each and every response set forth in the foregoing paragraphs as if fully set forth herein. To the extent that further response is required, Defendants deny the allegations in Paragraph 260.

261.     Defendants admit that Paragraph 261 purports to describe Plaintiffs' claims. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 261.

262.     Defendants deny the allegations in Paragraph 262.

263.     Defendants deny the allegations in Paragraph 263.

264.     Defendants deny the allegations in Paragraph 264.

265.     Defendants deny the allegations in Paragraph 265.

266.     To the extent the allegations in Paragraph 266 state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny such allegations contained in Paragraph 266. To the extent the allegations in Paragraph 266 state factual assertions, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 266 and, on that basis, deny them.

267.     To the extent the allegations in Paragraph 267 state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny such allegations contained in Paragraph 267. To the extent the allegations in Paragraph 267 state factual assertions, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 267 and, on that basis, deny them.

268.     Defendants deny the allegations in Paragraph 268.

269.     Defendants deny the allegations in Paragraph 269.

270.     Defendants repeat and reallege each and every response set forth in the foregoing paragraphs as if fully set forth herein. To the extent that further response is required, Defendants deny the allegations in Paragraph 270.

271.     To the extent the allegations in Paragraph 271 state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny such allegations contained in Paragraph 271. To the extent the allegations in Paragraph 271 state factual assertions, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 271 and, on that basis, deny them.

272. To the extent the allegations in Paragraph 271 state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 271.

273. To the extent the allegations in Paragraph 273 state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny such allegations contained in Paragraph 273. To the extent the allegations in Paragraph 273 state factual assertions, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 273 and, on that basis, deny them.

274. To the extent the allegations in Paragraph 274 state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny such allegations contained in Paragraph 274. To the extent the allegations in Paragraph 274 state factual assertions, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 274 and, on that basis, deny them.

275. To the extent the allegations in Paragraph 275 state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 275.

276. Defendants repeat and reallege each and every response set forth in the foregoing paragraphs as if fully set forth herein. To the extent that further response is required, Defendants deny the allegations in Paragraph 276.

277. To the extent the allegations in Paragraph 277 state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 277.

278. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 278 and, on that basis, deny them.

279. To the extent the allegations in Paragraph 279 state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny such allegations contained in Paragraph 279. To the extent the allegations in Paragraph 279 state factual assertions, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 279 and, on that basis, deny them.

The remainder of the Complaint consists of: (i) Plaintiffs' introductory paragraph describing, among other things, the parties and Plaintiffs' purported "knowledge." Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the introductory paragraph, and, on that basis, deny them. Except to the extent otherwise stated herein, Defendants deny the allegations in the introductory paragraph; and (ii) Plaintiffs' prayer for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief sought in the Complaint or to any relief whatsoever.

## DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Defendants, without waiver, limitation or prejudice, and without conceding that they bear the burden of proof or production, hereby assert the following defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because no statement allegedly made by Defendants contains any material misrepresentation or omission, considered either alone or in the context of the total mix of available information.

41

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants did not know of the alleged inaccuracy of any material misrepresentation or omission allegedly made by them, and they could not have become aware of any alleged inaccuracies in those statements through the exercise of reasonable care.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants, after reasonable investigation, due diligence, and/or consultation with expert(s), had reasonable grounds to believe, and did believe, that statements allegedly made by them were true and contained all material facts necessary to make those statements not misleading.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants acted at all times in good faith, with reasonable care, and with due diligence in carrying out their responsibilities and did not directly or indirectly control or induce any wrongful acts or omissions.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants acted at all times in good faith and without knowledge or intent to commit any violations of law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the class that Plaintiffs purport to represent, have not sufficiently

alleged, and cannot prove, that Plaintiffs, or the class that Plaintiffs purport to represent, relied upon any material misrepresentation or omission allegedly made by Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, would have purchased Tilray shares as they did, even with full knowledge of the facts Plaintiffs, and the class that Plaintiffs purport to represent, have now alleged were misrepresented or omitted by Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, that Plaintiffs' alleged injuries or the injuries of the class that Plaintiffs purport to represent, were directly or proximately caused by any material misrepresentation or omission allegedly made by Defendants.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because they cannot show transaction or loss causation.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because other events or disclosures unrelated to Defendants' alleged material misrepresentations or omissions are responsible for any decline in Tilray's share value alleged to form the basis of Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent.

43

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because any alleged damages that Plaintiffs, or the class that Plaintiffs purport to represent, suffered, were caused by independent, intervening, and/or superseding events beyond Defendants' conduct, control, policies, acts, or alleged material misrepresentations or omissions.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, that Plaintiffs, or the class that Plaintiffs purport to represent, suffered any cognizable injury, and further, the damages alleged by Plaintiffs, and the class that Plaintiffs purport to represent, if any, are speculative, uncertain, and/or contingent in violation of applicable law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have failed to take reasonable actions to mitigate damages, if any, allegedly suffered as a result of Defendants' alleged material misrepresentations or omissions.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part to the extent that Plaintiffs, or the class that Plaintiffs purport to represent, sold their Tilray shares for a greater price than the price at which they purchased them, and therefore suffered no losses from their purchase of Tilray shares.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs, or the class that Plaintiffs purport to represent, should be offset in the amount of any tax benefits or other benefits received by Plaintiffs, or the class that Plaintiffs purport to represent, in connection with their ownership of Tilray shares.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, knew or reasonably should have known of the alleged acts and omissions complained of.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, a lack of awareness of the facts that form the basis of the alleged material misrepresentations and omissions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the alleged material misrepresentations or omissions were in fact known to and had entered the securities market through credible sources prior to Plaintiffs' purchase, or the purchases by the class that Plaintiffs purport to represent, of Tilray shares.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part to the extent that Defendants' alleged material misrepresentations or omissions would not have been material to a reasonable investor.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part to the extent that Plaintiffs, and the class that Plaintiffs purport to represent, purchased stock pursuant to a pre-existing contract, instruction, or plan under 17 C.F.R. 240.10b5-1.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because individual issues including but not limited to those relating to causation, reliance, privity, timing, and knowledge predominate over those common to the putative class.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because this action may not be maintained as a class action under the Federal Rules of Civil Procedure.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs cannot fairly and adequately represent the class they purport to represent.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Without conceding liability, Plaintiffs' requests, and the requests of the class that Plaintiffs purport to represent, for equitable relief are improper because Plaintiffs, and the class that Plaintiffs purport to represent, have an adequate remedy at law.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Without conceding liability, Plaintiffs' requests, and the requests of the class that Plaintiffs purport to represent, for equitable relief are improper because Plaintiffs, and the class that Plaintiffs purport to represent, have not suffered injury or harm and will not suffer imminent and irreparable injury as a result of any action or conduct by Defendants.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Without conceding liability, Plaintiffs' requests, and the requests of the class that Plaintiffs purport to represent, for interest are improper because equity dictates against such an award, and further, any such award would be unjust, arbitrary, oppressive, and confiscatory.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred, in whole or in part, to the extent the damages sought exceed those permitted under the Private Securities Litigation Reform Act of 1995, the common law, or any other applicable statute, rule, or regulation.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs, and the class that Plaintiffs purport to represent, are precluded from recovering attorneys' fees, experts' fees, and/or costs under applicable provisions of law.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part by the equitable doctrines of laches, estoppel, unclean hands, and/or waiver.

### THIRTIETH AFFIRMATIVE DEFENSE

Some of the alleged misrepresentations described in the Complaint are predictions, expressions of opinion, puffery, or "forward-looking statements" that cannot be the basis for

liability by virtue of Rule 175, 17 C.F.R. § 230.175 (promulgated pursuant to the Securities Act) and/or Section 21E of the Exchange Act and/or the safe harbor provisions of the Private Securities Litigation Reform Act of 1995 and/or the bespeaks caution doctrine.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The claims of some or all of the Plaintiffs' putative class are barred based on the doctrine of assumption of risk.

## THIRTY-SECONDAFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the Complaint and the purported causes of action contained therein fail, in whole or in part, to state a claim for which relief can be granted.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because they are not pleaded with particularity, as required by statute, including but not limited to the Private Securities Litigation Reform Act of 1995, and the Federal Rules of Civil Procedure.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants reasonably relied on the expertise and opinions of professional experts and had no reasonable ground to have known that there were inaccuracies in any alleged material misrepresentation or omission.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not

sufficiently alleged, and cannot prove, the essential elements of a claim under Section 10(b) of the Exchange Act: (1) a materially false or misleading statement, (2) by the defendant, (3) made in connection with the purchase or sale of a security, (4) and with scienter, (5) on which the investor reasonably relied, (6) that resulted in economic loss, and that was (7) proximately caused by the alleged misstatement or omission (i.e., loss causation).

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, the essential elements of a claim under Section 20(a) of the Exchange Act: (1) a primary violation under Section 10(b), (2) power by the defendant to control the specific transaction or activity upon which the primary violation is predicated, and (3) actual participation by the defendant (i.e., exercise of control) in the operations of the primary violator in general.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part based on the truth and sufficiency of all statements upon which the asserted claims are based.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants had no duty of disclosure with respect to the alleged misrepresentations or omissions.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part to the extent that they are based on alleged statements that are not attributable to Defendants.

### FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part based on the *Sante Fe* doctrine, which bars Section 10(b) claims for allegations that "constitute no more than internal corporate mismanagement." *See Santa Fe Indus., Inc. v. Green*, 430 U.S. 462, 479 (1977).

### FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the Complaint fails to allege facts demonstrating a strong inference of scienter as required by the Private Securities Litigation Reform Act of 1995, and Plaintiffs' inability to prove any such facts, with regard to each Defendant and as to each alleged misrepresentation or omission.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants did not employ any device, scheme, or artifice to defraud and did not engage in any act, practice, or course of conduct that operates or would operate as a fraud or deceit in connection with the purchase or sale of securities.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the Complaint fails to state a claim against Defendants based upon

"fraud-on-the-market" principles for any class members who did not trade shares between the time the alleged misrepresentations or omissions were made and the time the purported "truth" was revealed.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part based on the "truth-on-the-market" doctrine because any alleged information at issue was credibly made available to the market by other sources.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the market for Tilray's common stock was not efficient.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because there was no price impact to Tilray's publicly traded common stock resulting from any alleged misrepresentation or omission.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to prosecute their Section 10(b), Section 20(a), and Section 20A claims under the Exchange Act.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part by their own actions, omissions, and/or negligence.

## FORTY-NINTH AFFIRMATIVE DEFENSE

The putative class period is overbroad and, therefore, the putative class cannot be certified under Rule 23 of the Federal Rules of Civil Procedure.

**ADDITIONAL DEFENSES**

Defendants presently have insufficient knowledge of information to determine whether they may have additional, as yet unstated defenses. Defendants have not knowingly and intentionally waived any applicable defenses and reserve the right to assert additional defenses as they become known to them through discovery in this matter. Defendants reserve the right to amend this Answer to add, delete, or modify defenses based upon legal theories that may be or will be divulged through clarification of Plaintiffs' Complaint, through discovery or through further legal analysis of Plaintiffs' position in this litigation.

Dated: October 12, 2022                         Respectfully submitted,

                                                **BAKER & HOSTETLER LLP**

                                                By:    */s/ Douglas W. Greene*
                                                        Douglas W. Greene (*pro hac vice*)
                                                        dgreene@bakerlaw.com
                                                        Zachary R. Taylor
                                                        ztaylor@bakerlaw.com
                                                        45 Rockefeller Plaza
                                                        New York, NY 10111
                                                        Telephone: 212.589.4200

                                                        Genevieve G. York-Erwin
                                                        gyorkerwin@bakerlaw.com
                                                        999 Third Avenue, Suite 3900
                                                        Seattle, WA  98104
                                                        Telephone: 206.566.7079

                                                        *Attorneys for Defendants*