# BakerHostetler

**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, NY 10111-0100
Direct dial: 212.847.7090

999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Direct dial: 206.566.7090

Douglas W. Greene
dgreene@bakerlaw.com
Mobile: 206.930.7682
www.bakerlaw.com

October 19, 2022

**VIA ECF**

Honorable Paul A. Crotty
United States District Court for the
 Southern District of New York
500 Pearl Street
New York, New York 10007-1312

**Re:    Pre-Motion Conference Letter re Motion to Stay *Kasilingam v. Tilray, Inc. et al.*,**
**Case No. 1:20-cv-03459-PAC**

Dear Judge Crotty:

On behalf of all Defendants in the above-referenced action,[1] pursuant to Your Honor's

Individual Rules, we respectfully submit this pre-motion letter in advance of Defendants' motion

to temporarily stay discovery in the above-referenced action (the "Motion") pending resolution of

Defendants' motion for reconsideration and/or to certify for interlocutory appeal (Dkt. #110-111;

"MFR"). The MFR seeks reconsideration of the Court's September 28, 2022 Opinion & Order

(Dkt. #109; "September 28 Order") and asks the Court to dismiss the Second Amended Complaint

or, in the alternative, to certify the Order for appellate review.

Defendants filed the MFR on October 12, 2022, and on October 13, Plaintiffs' counsel

emailed defense counsel asking for a two-week extension to respond to the MFR, which

Defendants promptly agreed to. The Court so-ordered the parties' proposed briefing schedule on

---

[1] Defendants here include Tilray, Inc. and Brendan Kennedy.

Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Dallas    Denver    Houston
Los Angeles    New York    Orlando    Philadelphia    San Francisco    Seattle    Washington, DC    Wilmington

Hon. Paul A. Crotty
October 19, 2022
Page 2

October 17. *See* Dkt. #114. At the same time, the parties worked to reach agreement on a proposed

Civil Case Management Plan ("CCMP") pursuant to the Court's September 29, 2022 Order. After

exchanging proposed schedules, the parties met and conferred on October 17, 2022. The parties

were able to reach agreement as to much of the proposed CCMP, including deadlines for class

certification briefing, close of discovery, and mediation. What the parties do not agree on,

however, is when discovery should begin and, relatedly, when document production should be

substantially completed. Defendants proposed a slower start to discovery to allow enough time for

the parties to complete briefing on the MFR and the Court to consider and rule on it. In response,

Plaintiffs have indicated that they intend to serve Defendants with their first requests for

production of documents this week and expect responses and initial discovery work to commence

on that fast schedule. In light of Plaintiffs' unwillingness to hold off—and given the now-extended

briefing schedule for the MFR—Defendants feel compelled to move for a temporary stay.

In short, the forthcoming Motion will argue that temporarily staying discovery in this

putative securities class action until after the MFR has been resolved is appropriate and necessary

under the relevant standard:

*First,* the MFR is likely to succeed on the merits or, at the very least, presents sufficiently

serious questions going to the merits to make them a fair ground for litigation. In the MFR,

Defendants detail at least four clear errors of law in the September 28 Order that require

reconsideration and dismissal of the Second Amended Complaint and/or certification for

interlocutory appeal. These errors of law concern interpretation and application of the relevant

pleading standards for securities class actions, and the relevant standards governing examination

of confidential witness allegations, opinion statements, and scienter. Defendants identify clear

Hon. Paul A. Crotty
October 19, 2022
Page 3

Supreme Court and Second Circuit precedent requiring reconsideration and reversal of the September 28 Order or, in the alternative, certification for interlocutory appellate review.

*Second*, the balance of harms weighs in favor of the requested stay. The Reform Act dictates that discovery be stayed until after *full* resolution of the motion to dismiss process in securities class actions. Congress's intent in doing so was to prevent the rampant abuses plaintiffs' attorneys engaged in prior to the Reform Act, including imposition of burdensome discovery based on meritless claims to extract settlements from "deep-pocket" defendants. Defendants would be prejudiced absent a stay if they are forced to engage in needless, expensive, and burdensome discovery on the meritless claims here. By contrast, Plaintiffs will suffer no harm if the requested modest stay is granted.

*Third*¸ a stay would be in the public interest and would promote judicial economy. As noted above, Congress passed the Reform Act with the intent to stay discovery until the district court has *conclusively* determined that a securities class action complaint may proceed past the motion to dismiss stage. Congress devised this stay not only to prevent abuse and harm to securities class action defendants, but also to prevent the negative impact such abusive litigation tactics had on the United States economy. Should the Court grant the MFR, any early discovery efforts in this case and any involvement of the Court in resolving discovery disputes would be for naught.

For all of these reasons, among others, the Defendants' upcoming Motion will ask this Court to stay the above-referenced action pending resolution of the MFR. In light of Plaintiffs' insistence on serving Defendants with (likely) voluminous discovery requests this week, Defendants request that the Court set an expedited briefing schedule on the motion to stay.

Hon. Paul A. Crotty
October 19, 2022
Page 4

Respectfully submitted,

Douglas W. Greene
Partner

cc: All counsel of record via ECF