**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GANESH KASILINGAM, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>  -against-<br><br>TILRAY, INC., BRENDAN KENNEDY, and MARK CASTANEDA,<br><br>         Defendants. | Case No. 20-cv-03459-PAC |

**REQUEST FOR JUDICIAL NOTICE**
**IN SUPPORT OF DEFENDANTS' MOTION**
**TO DISMISS THE THIRD AMENDED COMPLAINT**

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Tel. 212-589-4200
Fax. 212-589-4201

*Attorneys for Defendants*

## TABLE OF CONTENTS

**Page**

ARGUMENT........................................................................................................................1

I.     It Is Appropriate and Necessary for the Court to Consider Documents Referenced in or Integral to the Third Amended Complaint ("TAC")........................................................1

II.    Judicial Notice of Tilray's Public Filings with the SEC Is Appropriate..............................3

III.   Judicial Notice of Other Publicly Available Documents Cited in the Motion to Dismiss Is Appropriate. ......................................................................................................5

CONCLUSION...................................................................................................................7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
    493 F.3d 87 (2d Cir. 2007)........................................................................................1

*Finn v. Barney*,
    471 F. App'x 30 (2d Cir. 2012) ................................................................................5

*Garber v. Legg Mason, Inc.*,
    347 F. App'x 665 (2d Cir. 2009) .............................................................................5

*Kramer v. Time Warner Inc.*,
    937 F.2d 767 (2d Cir. 1991)..................................................................................1, 4

*Long Miao v. Fanhua, Inc.*,
    442 F. Supp. 3d 774 (S.D.N.Y. 2020)......................................................................6

*N. Collier Fire Control & Rescue Dist. Firefighter Pension Plan & Plymouth Cty.*
    *Ret. Ass'n v. MDC Partners, Inc.*,
    2016 WL 5794774 (S.D.N.Y. Sept. 30, 2016)..........................................................4

*Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*,
    575 U.S. 175 (2015)...................................................................................................2

*Pehlivanian v. China Gerui Advanced Materials Grp., Ltd.*,
    153 F. Supp. 3d 628 (S.D.N.Y. 2015).......................................................................6

*Refco Grp. Ltd., LLC v. Cantor Fitzgerald, LP*,
    2014 WL 2610608 (S.D.N.Y. June 10, 2014) ..........................................................3

*Simon v. Smith & Nephew*,
    990 F. Supp. 2d 395 (S.D.N.Y. 2013).......................................................................6

*Staehr v. Hartford Fin. Servs. Grp., Inc.*,
    547 F.3d 406 (2d Cir. 2008)..................................................................................3, 5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007)...................................................................................................2

*In re UBS Auction Rate Sec. Litig.*,
    2010 WL 2541166 (S.D.N.Y. June 10, 2010) ..........................................................6

**Rules**

Fed. R. Evid. 201. ...........................................................................................1, 3, 4, 5

Fed. R. Civ. P. 12(b)(6)..................................................................................................................1

Defendants Tilray, Inc. ("Tilray" or the "Company") and Brendan Kennedy ("Defendants"), hereby request that this Court consider and/or take judicial notice of the documents attached as Exhibits 1-21 to the Declaration of Douglas W. Greene ("Ex. __") and/or discussed below and cited in their Motion to Dismiss the Third Amended Complaint ("Motion to Dismiss") filed concurrently herewith. For the reasons set forth below, consideration of the contents of each of these documents is appropriate pursuant to the incorporation-by-reference doctrine, Rule 201 of the Federal Rules of Evidence, and supporting case law.

## ARGUMENT

**I.    It Is Appropriate and Necessary for the Court to Consider Documents Referenced in or Integral to the Third Amended Complaint ("TAC").**

It is well-established that documents referenced in or integral to a complaint may be considered regardless of whether they are physically attached to it. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (when deciding motion to dismiss, courts "may consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, legally required public disclosure documents filed with the SEC, and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit"). Indeed, "[w]ere courts to refrain from considering such documents, complaints that quoted only selected and misleading portions of such documents could not be dismissed under Rule 12(b)(6) even though they would be doomed to failure. Foreclosing resort to such documents might lead to complaints filed solely to extract nuisance settlements." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (taking judicial notice of documents cited in securities fraud complaint). Moreover, consideration of documents incorporated by reference is particularly important in putative securities class actions, where courts must consider the full factual context in determining whether each challenged statement was false or misleading and whether any

1

defendant acted with scienter. *See Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 190 (2015) (whether statement was false or misleading "always depends on context"); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323-34 (2007) (courts must consider variety of materials, including documents appropriate for judicial notice, when weighing competing inferences to determine whether plaintiff has pleaded a "strong inference" of scienter).

The Court should consider the documents listed below because each is specifically quoted or referenced in the TAC and is integral to Plaintiffs' claims. Plaintiffs quote the transcript of Tilray's May 14, 2019 earnings call; the transcript of the January 15, 2019 Q&A at the ICR conference; the January 15, 2019 Financial Post article; and Tilray's Q1, Q2, and Q3 2019 Form 10-Qs, and those documents contain the statements Plaintiffs claim were false and misleading. Likewise, the Court should consider Kennedy's Forms 3, 4, and 144, which are referenced in the TAC and form the basis for its stock sale and Rule 10b5-1 plan allegations. Tilray's 2019 10-K; the January 15, 2020 Form 8-K and press release; the March 12, 2021 proxy statement; the January 16, 2019 Fortune article, and the transcript of Tilray's first quarter 2020 earnings call, each also is quoted or referenced in the TAC and is alleged to support Plaintiffs' claims. Accordingly, it is appropriate for the Court to consider these documents because each is incorporated by reference into, and/or is integral to, Plaintiffs' pleadings:

1.  Transcript of Tilray's first quarter 2019 earnings call held on May 14, 2019 (attached as Ex. 1) (quoted at TAC ¶¶ 105-06);

2.  Tilray's 2019 Form 10-K, filed with the SEC on March 2, 2020 (attached as Ex. 2) (quoted and referenced at TAC ¶¶ 19, 68-69, 121-24, 136-37);

3.  Tilray's Form 8-K and attached press release, filed with the SEC on January 15, 2019 (attached as Ex. 5) (referenced at TAC ¶ 101);

4.  Tilray's Proxy Statement announcing the merger with Aphria, Inc., filed with the SEC on March 12, 2021 (attached as Ex. 9) (quoted at TAC ¶ 203);

5. A Form 3 and Forms 4 filed on behalf of Kennedy with the SEC on certain dates between January 25, 2019 and February 18, 2020 (included within Ex. 10) (referenced at TAC ¶ 140);

6. Vanmala Subramaniam, "Tilray signs creative $250-million revenue-sharing deal with U.S. brand powerhouse ABG," Financial Post, Jan. 15, 2019[1] (attached as Ex. 12) (quoted at TAC ¶¶ 102-03);

7. Transcript of Q&A at ICR conference held on January 15, 2019 (attached as Ex. 13) (quoted at TAC ¶ 101);

8. Tilray's Q1 2019 Form 10-Q, filed with the SEC on May 15, 2019 (attached as Ex. 14) (quoted and referenced at TAC ¶¶ 108-17);

9. Tilray's Q2 2019 Form 10-Q, filed with the SEC on August 13, 2019 (attached as Ex. 15) (quoted at TAC ¶¶ 108-17);

10. Tilray's Q3 2019 Form 10-Q, filed with the SEC on November 13, 2019 (attached as Ex. 16) (quoted at TAC ¶¶ 108-17);

11. Forms 144 filed on behalf of Brendan Kennedy with the SEC on certain dates between Mar. 1, 2019 and Feb. 13, 2020 (attached as Ex. 17) (referenced at TAC ¶ 140);

12. Jen Wieczner, "The marijuana billionaire who doesn't smoke weed," Fortune, Jan. 16, 2019 (attached as Ex. 18) (quoted at TAC ¶ 142); and

13. Transcript of Tilray's first quarter 2020 earnings call held on May 11, 2020 (attached as Ex. 21) (quoted at TAC ¶ 128).

## II. Judicial Notice of Tilray's Public Filings with the SEC Is Appropriate

A court ruling on a motion to dismiss may properly consider documents subject to judicial notice under Federal Rule of Evidence 201(b). *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, LP*, 2014 WL 2610608, at *15 n.16 (S.D.N.Y. June 10, 2014) (judicially noticed matters may be considered on a motion to dismiss because they are "not considered matters outside the pleadings") (quoting *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 426 (2d Cir. 2008)). A fact is judicially noticeable if it is "not subject to reasonable dispute because it: (1) is generally known

---

[1] The TAC identifies this as a "January 16, 2019" article, but the article dated January 15, 2019 and filed with the Greene Declaration herewith as Exhibit 12 contains the quoted language. *See* TAC ¶ 102; Ex. 12, at 004.

within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The Second Circuit has concluded that SEC filings meet these requirements and may properly be considered at the motion to dismiss stage. *Kramer*, 937 F.2d at 774 (affirming consideration of SEC filings). The contents of SEC filings are considered facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," and because they are required by law to be filed with the SEC, "no serious question as to their authenticity can exist." *Id*. (quoting Fed. R. Evid. 201(b)(2)) (finding it "highly impractical and inconsistent with Fed. R. Evid. 201" to preclude a district court from taking judicial notice of SEC filings in a Section 10(b) case). In particular, in weighing allegations that false or misleading statements were made under Section 10(b), it is appropriate for a court to consider both "related documents that bear on the adequacy of the disclosure as well as documents actually alleged to contain inadequate or misleading statements." *Id*. Additionally, when analyzing a defendant's stock sales, courts "routinely look to information from SEC filings[.]" *N. Collier Fire Control & Rescue Dist. Firefighter Pension Plan & Plymouth Cty. Ret. Ass'n v. MDC Partners, Inc.*, 2016 WL 5794774, at *20 n.10 (S.D.N.Y. Sept. 30, 2016) (citation and quotation marks omitted).

Accordingly, consideration of the following documents is appropriate because they are documents filed with the SEC and are matters of public record:

1.    Tilray's 2019 Form 10-K, filed with the SEC on March 2, 2020 (attached as Ex. 2);

2.    Tilray's 2018 Form 10-K, filed with the SEC on March 25, 2019 (attached as Ex. 4);

3.    Tilray's Form 8-K and attached press release, filed with the SEC on January 15, 2019 (attached as Ex. 5);

4.   Tilray's Form 8-K and attached press release, filed with the SEC on September 10, 2019 (attached as Ex. 8);

5.   Excerpts from Tilray's Proxy Statement announcing the merger with Aphria, Inc., filed with the SEC on March 12, 2021 (attached as Ex. 9);

6.   A Form 3 and Forms 4 filed on behalf of Brendan Kennedy with the SEC on certain dates between July 18, 2018 and November 10, 2020 (attached as Ex. 10);

7.   Tilray's 2Q 2018 Form 10-Q, and Exhibit 10.2 (Tilray's Amended and Restated 2018 Equity Incentive Plan), Exhibit 10.4 (Tilray's RSU Grant Notice), and Exhibit 10.6 (Kennedy's Employment Agreement with Tilray) thereto, filed with the SEC on August 29, 2018 (attached as Ex. 11);

8.   Tilray's Q1 2019 Form 10-Q, filed with the SEC on May 15, 2019 (attached as Ex. 14);

9.   Tilray's Q2 2019 Form 10-Q, filed with the SEC on August 13, 2019 (attached as Ex. 15);

10.  Tilray's Q3 2019 Form 10-Q, filed with the SEC on November 13, 2019 (attached as Ex. 16); and

11.  Forms 144 of Brendan Kennedy dated Mar. 1, 2019 through Feb. 13, 2020 and provided to the SEC (attached as Ex. 17).

## III.   Judicial Notice of Other Publicly Available Documents Cited in the Motion to Dismiss Is Appropriate.

Finally, consideration of a number of publicly available news articles, conference call transcripts, and FDA communications cited in the Motion to Dismiss is appropriate because they are publicly available information. In accordance with Federal Rule of Evidence 201, a court may take judicial notice of matters in the public record without converting a motion to dismiss into a motion for summary judgment. *Staehr*, 547 F.3d at 426. Thus, courts may, and routinely do, take judicial notice of media coverage and other publicly available information. *See, e.g.*, *Finn v. Barney*, 471 F. App'x 30, 32 (2d Cir. 2012) (affirming judicial notice of news articles and other publicly available information); *Garber v. Legg Mason, Inc.*, 347 F. App'x 665, 669 (2d Cir. 2009) (taking judicial notice of newspaper articles not referenced in complaint); *Simon v. Smith &*

*Nephew*, 990 F. Supp. 2d 395, 401 n.2 (S.D.N.Y. 2013) (taking judicial notice of public records contained on FDA website); *Long Miao v. Fanhua, Inc.*, 442 F. Supp. 3d 774, 787 & n.9 (S.D.N.Y. 2020) (taking judicial notice of investor call transcript); *Pehlivanian v. China Gerui Advanced Materials Grp., Ltd.*, 153 F. Supp. 3d 628, 643 (S.D.N.Y. 2015) (taking judicial notice of earnings call transcripts); *In re UBS Auction Rate Sec. Litig.*, 2010 WL 2541166, at *10-12, 14 (S.D.N.Y. June 10, 2010) (taking judicial notice of news articles and media reports). Accordingly, it is appropriate for the Court to consider the following publicly available information cited in the Motion to Dismiss:

1.    Transcript of Tilray's fourth quarter 2018 earnings call held on March 18, 2019 (attached as Ex. 3);

2.    Transcript of Tilray's second quarter 2019 earnings call held on August 13, 2019 (attached as Ex. 6);

3.    Transcript of Tilray's third quarter 2019 earnings call held on November 12, 2019 (attached as Ex. 7);

4.    Ed Lin, "Tilray Executives are Selling the Marijuana Stock," Barron's, Jan. 30, 2019, *available at https://www.barrons.com/articles/tilray-ceo-sells-stock-51548860821* (attached as Ex. 19)[2];

5.    Ed Lin, "Marijuana Stock Tilray is Slumping. 2 Executives are Making Big Sales," Barron's, Apr. 8, 2019, *available at https://www.barrons.com/articles/tilray-stock-insider-sales-51554495643* (attached as Ex. 20)[3];

6.    Nathaniel Meyersohn, "Barneys. Neiman Marcus. America's stores are taking the leap into cannabis products," CNN Business, Feb. 13, 2019, *available at https://www.cnn.com/2019/02/12/business/cbd-cannabis-dsw-neiman-marcus-barneys-retail/index.html*;

7.    Alicia Wallace, "CBD product sales are booming. Now the FDA needs to weigh in," CNN Business, July 9, 2019, *available at https://www.cnn.com/2019/07/09/business/cbd-sales-fda/index.html*;

---

[2] Because this article may require a subscription, it is attached for convenience as Exhibit 19 to the Declaration of Douglas W. Greene.

[3] Because this article may require a subscription, it is attached for convenience as Exhibit 20 to the Declaration of Douglas W. Greene.

8.      Martin Baccardax, "Tilray Falls as July 2018 IPO Lock-Up Expires for Cannabis Group," Jan. 15, 2019, The Street, *available at https://www.thestreet.com/investing/cannabis/tilray-extends-gains-as-july-2018-ipo-lock-up-expires-for-cannabis-group-14833952*;

9.      FDA, "FDA warns 15 companies for illegally selling various products containing cannabidiol as agency details safety concerns," Nov. 25, 2019, *available at https://www.fda.gov/news-events/press-announcements/fda-warns-15-companies-illegally-selling-various-products-containing-cannabidiol-agency-details*; and

10.      Alexander Beadle, "Canada's Edibles Market Gets Off to a Slow Start," Analytical Cannabis, Dec. 20, 2019, *available at https://www.analyticalcannabis.com/articles/canadas-edibles-market-gets-off-to-a-slow-start-312161*.

## CONCLUSION

Accordingly, Defendants respectfully request that the Court consider and/or take judicial notice of Exhibits 1-21 to the Greene Declaration filed herewith or referenced above when deciding Defendants' Motion to Dismiss the TAC.

Dated: November 8, 2023                 Respectfully submitted,


**BAKER & HOSTETLER LLP**


By:     */s/ Douglas W. Greene*
        Douglas W. Greene (*pro hac vice*)
        dgreene@bakerlaw.com
        Genevieve G. York-Erwin
        gyorkerwin@bakerlaw.com
        Zachary R. Taylor
        ztaylor@bakerlaw.com
        45 Rockefeller Plaza
        New York, NY 10111
        Telephone: 212.589.4200

        *Attorneys for Defendants*