**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Lead Counsel for Lead Plaintiff and the putative Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GANESH KASILINGAM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br><br>v.<br><br><br>TILRAY, INC., BRENDAN KENNEDY, and MARK CASTANEDA,<br><br>Defendants. | **CASE No.: 1:20-cv-03459-PAC**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br><br>**<u>CLASS ACTION</u>** |

## TABLE OF CONTENTS

**I.   THE COURT HAS ALREADY DENIED DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND SHOULD DO SO AGAIN** ...................................................... 1

**II.   THE COURT SHOULD NOT TAKE JUDICIAL NOTICE OF DEFENDANTS' EXHIBITS 19 AND 20 AND THE ARTICLES CITED AT POINTS (6) THROUGH (10) ON PAGES 6-7 OF DEFENDANTS' REQUEST BECAUSE IT HAS ALREADY DECLINED TO DO SO** ................................................................................................. 3

**III.   THE COURT SHOULD REFRAIN, AGAIN, FROM TAKING JUDICIAL NOTICE OF "UNDATED AND/OR UNSIGNED SEC FILINGS"** ................................................. 4

**IV.   CONCLUSION** ............................................................................................................... 4

i

**I.    THE COURT HAS ALREADY DENIED DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND SHOULD DO SO AGAIN**

Defendants' motion to dismiss the SAC relied heavily on information drawn from outside the pleadings. They filed a "Request for Full Context Review" to support their audacious request for relief. There, they argued that a Supreme Court opinion allowed defendants, on a motion to dismiss, to the right to submit, and have the Court consider, extrinsic documents for the truth of their contents. *See generally* REQUEST FOR FULL CONTEXT REVIEW AND/OR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT, at 1-4 (dkt. # 101) ("Full Context Review Request").

The Court rejected the argument. It "disagree[d] with defendants that it is required to do a 'full context review.'" *Kasilingam v. Tilray, Inc.*, 2022 WL 4537846, at *1 (S.D.N.Y. Sept. 28, 2022), *reconsideration granted on other grounds*, 2023 WL 5352294 (S.D.N.Y. Aug. 21, 2023) ("*Tilray II*"). Instead, it found that "[i]t is improper for this Court to supplant the allegations of the Plaintiff at the pleadings stage." *Id.* Thus, it ruled that "to the extent the Court does consider Defendants' extensive record, it may only do so to 'determine what the documents stated,' not for the truth of the matter asserted." *Id.*

Defendants have not filed a request for full context review. But their REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED COMPLAINT, dkt. # 135 ("RJN"), seeks the same relief the Court previously denied. Defendants once again ask the Court to accept extrinsic documents and bare assertions for the truth of their contents. They base their motion to dismiss on facts they find in extrinsic documents cited for the truth of their contents, or facts they simply assert and ask the Court to accept as true.  Case in point: the facts sections of Defendants' memoranda of law in support of their motions to dismiss

1

the second and third amended complaints cite the same facts and make the same arguments, usually using exactly the same words. *Compare* dkt. # 100 at 3-11 *with* dkt. # 134 at 4-11.

Defendants plainly understand they are making an improper request. Though they ask for the same substantive relief this time, they excised any mention of "full context review" from their brief. They also omitted the portion of their argument which purported to provide a justification for "full context review". See RJN, at 1-2. And they omitted that the Court has previously ***denied*** the relief they request.

Defendants' violation forces Plaintiffs and the Court to sift through their motion to discern parts that rely on facts properly before the Court. Thus, Defendants' motion is just like a puzzle pleading that "plac[es] the burden on the Court to sort out the alleged misrepresentations and then match them with the corresponding adverse facts." *Born v. Quad/Graphics, Inc.*, 521 F. Supp. 3d 469, 479 (S.D.N.Y. 2021). And just as the Court need not "'search the long quotations in the complaint for particular false statements,' only to then 'determine on its own initiative how and why the statements were false,'" *In re Pareteum Sec. Litig.*, 2020 WL 3448526, at *2 (S.D.N.Y. June 23, 2020), the Court need not entertain Defendants' puzzle motion. *Tomaszewski v. Trevena, Inc.*, 482 F. Supp. 3d 317, 329 (E.D. Pa. 2020). It can, and should, summarily deny the motion to dismiss. *Id.*

In any case, the law continues to prohibit consideration of extrinsic documents for the truth of their contents. The Supreme Court has held that "faced with a Rule 12(b)(6) motion to dismiss a § 10(b) action, courts must, as with any motion to dismiss for failure to plead a claim on which relief can be granted, accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). While the Court may examine documents judicially noticed or incorporated by reference for some limited purposes, it cannot consider them

2

for the truth of the statements made in the documents. *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir.

2007); *In re AppHarvest Sec. Litig.*, 2023 WL 4866233, at *18 (S.D.N.Y. July 31, 2023).

**II.   THE COURT SHOULD NOT TAKE JUDICIAL NOTICE OF DEFENDANTS'
EXHIBITS 19 AND 20 AND THE ARTICLES CITED AT POINTS (6) THROUGH
(10) ON PAGES 6-7 OF DEFENDANTS' REQUEST BECAUSE IT HAS ALREADY
DECLINED TO DO SO**

In their motion to dismiss the SAC, Defendants relied heavily on news articles which they

cited for the truth of their contents. The Court specifically declined even to take judicial notice of

Defendants' news articles. *Tilray II*, 2022 WL 4537846, at *1. Undeterred, Defendants once again

ask the Court to take judicial notice of ***the same*** news articles and press releases.[1]

The Court should reiterate its ruling. Defendants repeat word for word the argument they

offered in their Full Context Review Request. While Defendants string-cite a few additional district

level cases, none of them respond to the Court's ruling because none considers extrinsic documents

for the truth of their contents. Defendants continue offer the documents to dispute the allegations

in the Complaint or proffer "facts" in support of their motion to dismiss. They do not rely on these

articles for a proper purpose, such as showing what information was publicly disclosed. Granting

judicial notice serves no purpose except expanding the record to include improper materials and

encouraging litigants to ignore the Court's rulings.

---

[1] The documents the Court already declined to take judicial notice of are the articles by Nathaniel
Meyersohn, Alicia Wallace, and Alexander Beadle, the two articles by Ed Lin, and the FDA press
release titled "FDA warns 15 companies for illegally selling various products containing
cannabidiol as agency details safety concerns". *Compare* RJN at 6-7 *with* Full Context Review
Request at 11-12.

**III.    THE COURT SHOULD REFRAIN, AGAIN, FROM TAKING JUDICIAL NOTICE OF "UNDATED AND/OR UNSIGNED SEC FILINGS"**

In moving to dismiss the SAC, Defendants sought judicial notice of documents purporting to be an equity incentive plan and an RSU grant notice.[2] The Court declined to take notice of these documents, as they were "undated and/or unsigned, and therefore unverifiable." *Tilray II*, 2022 WL 4537846, at *1 & n.3. Defendants again ask the Court to take judicial notice of the same documents, except they now bury the documents in other filings instead of presenting them separately. Defendants' Exhibit 11, Dkt. # 136-11, at 49-83.  Nothing has changed, so neither should the Court's ruling.

**IV.    CONCLUSION**

For the foregoing reasons, the Court should (a) deny Defendants' request to take judicial notice, or treat documents as incorporated by reference, for the truth of the matters asserted therein; (b) deny Defendants' request for judicial notice of pages 49-83 of Exhibit 11, Exhibits 19 and 20 *in toto*, and the articles at points 6-10 of pages 6-7 of Defendants' RJN; and (c) deny Defendants' motion to dismiss.

Dated: December 20, 2023

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Jonathan Horne
Jonathan Horne (JH 7258)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: jhorne@rosenlegal.com
Email: lrosen@rosenlegal.com

*Lead Counsel for Lead Plaintiff and Class*

---

[2] Dkt. # 102-11, 102-12, and 102-13.

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


/s/ Jonathan Horne