**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GANESH KASILINGAM, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br> -against-<br><br>TILRAY, INC., BRENDAN KENNEDY, and MARK CASTANEDA,<br><br>   Defendants. | Case No. 20-cv-03459-PAC |

**REPLY IN FURTHER SUPPORT OF THE DEFENDANTS'**
**REQUEST FOR JUDICIAL NOTICE**
**IN SUPPORT OF DEFENDANTS' MOTION**
**TO DISMISS THE THIRD AMENDED COMPLAINT**

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Tel. 212-589-4200
Fax. 212-589-4201

*Attorneys for Defendant*

Plaintiffs do not contest that the Court may consider Exhibits 1-10, part of Exhibit 11, and Exhibits 12-18, and 21 to the Greene Declaration (Dkt. #136) when deciding Defendants' Motion to Dismiss ("Motion to Dismiss" or "MTD"; Dkt. #134). Nor do they credibly argue that the other requested materials (pages 49-83 of Exhibit 11, Exhibits 19-20, and five publicly available news articles) are improper subjects of judicial notice. Instead, Plaintiffs resort to attacking straw men. The main thrust of Plaintiffs' Opposition ("Opp."; Dkt. 139) is that the Court should not consider these materials for the "truth of their contents." Opp. 1-3. But Defendants are not asking the Court to consider these materials for their "truth"—rather, Defendants ask only that the Court consider them under the well-established doctrines of incorporation by reference and judicial notice regularly applied in the Second Circuit. Indeed, the proffered materials fall into three widely-recognized categories of properly considered sources: (1) documents that are referenced in the Third Amended Complaint ("TAC") and/or are integral to Plaintiffs' claims (*see, e.g.*, *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)); (2) matters of public record, including Tilray's SEC filings and earnings call transcripts (*Garber v. Legg Mason, Inc.*, 347 F. App'x 665, 669 (2d Cir. 2009); *In re Kandi Techs. Grp., Inc. Sec. Litig.*, No. 17-CV-1944-ER, 2019 WL 4918649, at *1 n.1 (S.D.N.Y. Oct. 4, 2019)); and (3) publicly available news articles and government websites (*Finn v. Barney*, 471 F. App'x 30, 32 (2d Cir. 2012)).

Courts in the Second Circuit routinely consider each of these types of sources when deciding motions to dismiss. This is done not, as Plaintiffs suggest, to improperly "supplant" the alleged facts in a complaint (Opp. 1), but to prevent claims premised upon the selective and misleading presentation of information from advancing past the pleading stage. *Kramer*, 937 F.2d at 774. As the Second Circuit has explicitly noted, consideration of incorporated documents and judicially noticeable materials provides the necessary and adequate "context for plaintiffs'

1

allegations" to ensure that they are adequately evaluated.[1] *Force v. Facebook, Inc.*, 934 F.3d 53, 60 n.5 (2d Cir. 2019); *Oliva v. Town of Greece*, 630 F. App'x 43, 44 (2d Cir. 2015); *Kramer*, 937 F.2d at 774; *infra* 2-3.

Against the overwhelming weight of authority supporting consideration of the proffered materials, Plaintiffs offer only the canard that Defendants ask the Court to accept these materials for their truth (they do not), and a handful of specific objections to the Court's consideration of "pages 49-83 of Exhibit 11" and certain publicly available news articles and websites. Opp. 4. None of these arguments has merit. For the reasons described herein and in the RJN, the Court should take judicial notice of all materials listed in the RJN when considering Defendants' Motion to Dismiss.

## ARGUMENT

### I.     JUDICIAL NOTICE OF EXHIBITS 1-10, 12-18, AND 21 IS APPROPRIATE AND UNOPPOSED

As this Court has correctly recognized, "[w]hen considering a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint." *Duffy v. Legal Aid Soc.*, No. 12-CV-2152-PAC, 2013 WL 541521, at *2 (S.D.N.Y. Feb. 12, 2013); *Dubois v. Beaury*, No. 21-2096-CV, 2022 WL 1701497, at *2 n.1 (2d Cir. May 27, 2022). This Court has also recognized that consideration of relevant documents *not* referenced in the complaint

---

[1] Plaintiffs attack Defendants' RJN as "seek[ing] the same relief" as their previous Request for Full Context Review and/or Judicial Notice (Dkt. #101), which the Court granted in part and denied in part when initially deciding Defendants' Motion to Dismiss the Second Amended Complaint (Dkt. #100). Opp. 1. While Defendants maintain that *Tilray II* (which was reversed on reconsideration) was wrongly decided—including with respect to Defendants' "Request for Full Context Review"—and continue to believe that a full context review for motions to dismiss in securities class actions is necessary, that is not what Defendants seek in the instant RJN. Here, Defendants simply ask the Court to consider the materials attached to the Greene Declaration, and otherwise mentioned in the RJN and MTD, under the well-established doctrines governing incorporation by reference and judicial notice.

is appropriate where the documents were "either in the plaintiff's possession" or if "plaintiff knew of [them] when bringing suit." *Duffy*, 2013 WL 541521 at *1. These principles make sense. As the Second Circuit has explained: "Were courts to refrain from considering such documents, complaints that quoted only selected and misleading portions of such documents could not be dismissed under Rule 12(b)(6) even though they would be doomed to failure." *Kramer*, 937 F.2d at 774. In other words, the tool of incorporation by reference prevents meritless claims premised on the selective and misleading presentation of relevant facts from advancing past the pleading stage.

For similar reasons, courts may also consider "matters of which judicial notice may be taken" on a motion to dismiss. *Oliva*, 630 F. App'x at 44. This is because, like documents referenced in the complaint, judicially noticeable matters are "not considered matters outside the pleadings." *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, LP*, No. 13-CV-1654-RA, 2014 WL 2610608, at *15 n.16 (S.D.N.Y. June 10, 2014) (quoting *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 426 (2d Cir. 2008)). It is well-settled in the Second Circuit and S.D.N.Y. that matters of public record, including SEC filings and earnings call transcripts, are subject to judicial notice. *See, e.g.*, *Lewis v. M&T Bank*, No. 21-933, 2022 WL 775758, at *1 (2d Cir. Mar. 15, 2022) ("courts may take judicial notice of publicly available documents such as . . . . public documents filed with the SEC"); *Kravitz as Tr. of Aegean Litig. Tr. v. Tavlarios*, No. 20-2579-CV, 2021 WL 5365582, at *3 (2d Cir. Nov. 18, 2021) ("District Courts may take judicial notice of . . . . SEC filings"); *Garber*, 347 F. App'x at 669 (explaining that SEC filings are "matters of which judicial notice may be taken"); *In re Kandi Techs.*, 2019 WL 4918649 at *1 (explaining that "[t]he Court may []

consider legally required public disclosure documents filed with the SEC and other publicly-available information, such as . . . earnings call transcripts" on a motion to dismiss).[2]

Given the clear weight of authority, Plaintiffs do not specifically oppose Defendants' request that the Court take judicial notice of Exhibits 1-10, 12-18, and 21, each of which falls into one or more of the categories of materials described above.[3] *See* RJN 2-4; Opp. 2. Rather, they accuse Defendants of (1) asking the Court to consider these exhibits for the truth of their contents, and (2) creating a "puzzle motion" which should be summarily denied.

As to Plaintiffs' first accusation, Defendants do not ask the Court to consider any of the materials submitted with the RJN for the truth of their contents. As noted above, Defendants only ask the Court to consider these materials under the well-established doctrines of incorporation by reference and judicial notice, as set out by the Second Circuit and courts in this district. *Supra* 1-2.

Nor do the materials cited in the MTD create a "puzzle motion" that warrants summary denial. Opp. 2. The out-of-circuit decision Plaintiffs cite for this proposition concerned a motion to dismiss that relied almost entirely on confidential FDA communications that were not publicly available and not referenced in or integral to the complaint. *See Tomaszewski v. Trevena, Inc.*, 482 F. Supp. 3d 317, 329 (E.D. Pa. 2020).[4] There are no such extreme circumstances here: the

---

[2] *See also Rice as Tr. of Richard E. & Melinda Rice Revocable Fam. Tr. 5/9/90 v. Intercept Pharms., Inc.*, No. 21-CV-0036-LJL, 2022 WL 837114, at *16 (S.D.N.Y. Mar. 21, 2022) (considering earnings call transcripts on motion to dismiss in securities class action); *Long Miao v. Fanhua, Inc.*, 442 F. Supp. 3d 774, 786 n.9 (S.D.N.Y. 2020) (similar); *Pehlivanian v. China Gerui Advanced Materials Grp., Ltd.*, 153 F. Supp. 3d 628, 643 (S.D.N.Y. 2015) (similar).

[3] Documents referenced in and/or integral to the TAC (Exhibits 1, 2, 5, 9, 10, 12-18, 21); SEC filings (Exhibits 2, 4, 5, 8-10, 14-17); Tilray's earnings call transcripts (Exhibits 1, 3, 6, 7, 21).

[4] Plaintiffs' two other authorities concern the different and well-established doctrine prohibiting "puzzle" *pleading/complaints*. *Born v. Quad/Graphics, Inc.*, 521 F. Supp. 3d 469, 478-79 (S.D.N.Y. 2021) and *In re Pareteum Sec. Litig.*, 2020 WL 3448526, at *2 (S.D.N.Y. June 23, 2020) stand for the unremarkable principle that complaints that fail to clearly identify the

documents at issue are all incorporated by reference into the complaint, and/or filed with the SEC or otherwise publicly available. This Court has already demonstrated three times that it is fully capable of assessing the allegations in this case while considering information from appropriate additional sources, and denial of the MTD on this basis would be unnecessary and improper.

As Defendants' request is essentially unopposed (*see* Opp. 2 ("the Court may examine documents judicially noticed or incorporated by reference")) and is grounded in long-standing Second Circuit and S.D.N.Y. precedent, the Court should consider Exhibits 1-10, 12-18, and 21 when deciding Defendants' Motion to Dismiss.

## II.   JUDICIAL NOTICE OF PAGES 49-83 OF EXHIBIT 11 IS APPROPRIATE

As noted, it is well-established that documents filed with the SEC are "matters subject to judicial notice" and appropriate for consideration on a motion to dismiss. *Garber*, 347 F. App'x at 669. Exhibit 11 is indisputably an SEC filing: Tilray's Q2 2018 Form 10-Q and three exhibits attached thereto,[5] signed by Defendant Brendan Kennedy and non-defendant Mark Castaneda (Tilray's former CFO), dated and filed with the SEC on August 29, 2018. *See* Ex. 11 at 044 (signature page).

Plaintiffs assert that the Court should decline to consider only part of this SEC filing, specifically the Equity Plan and the RSU Grant Notice (exhibits 10.2 and 10.4 to the Q2 2018 Form 10-Q), on the basis that the Court previously declined to consider these same documents when deciding Defendants' motion to dismiss the SAC because they were "undated and/or unsigned." Opp. 4; *see Kasilingam v. Tilray, Inc.*, No. 20-CV-03459-PAC, 2022 WL 4537846, at

---

statements alleged to be false and the reasons why, but instead consist of "lengthy quotations and canned allegations," cannot survive a motion to dismiss.

[5] Exhibit 10.2 (Tilray's Amended and Restated 2018 Equity Inventive Plan, or "Equity Plan") and Exhibit 10.4 (Tilray's Restricted Stock Unit Grant Notice, or "RSU Grant Notice"); and Exhibit 10.6 (Tilray's Employment Agreement with Mr. Kennedy, or "Employment Agreement").

*1 (S.D.N.Y. Sept. 28, 2022) ("*Tilray II*"). Defendants previously filed the Equity Plan and RSU Grant Notice by themselves for the Court's convenience (*see* Dkt. 102-11, 102-12), but Defendants have now filed them along with the main SEC filing they were attached to (Tilray's Q2 2018 Form 10-Q, signed by Mr. Kennedy and Mr. Castaneda and dated August 29, 2018 on page 044 of Exhibit 11), and Mr. Kennedy's Employment Agreement (signed and dated May 30, 2018), which reference and incorporate the Equity Plan and RSU Grant Notice. Ex. 11 at 44-48, 76, 84, 93.[6]

Given that Tilray's Q2 2018 Form 10-Q (and its exhibits) is indisputably a signed and dated SEC filing on its face, and the Equity Plan and RSU Grant Notice are otherwise incorporated into Mr. Kennedy's signed and dated Employment Agreement (also filed with the SEC), the Court should take judicial notice of Exhibit 11 in its entirety.

## III.    JUDICIAL NOTICE OF PUBLICLY AVAILABLE ARTICLES AND WEBSITES IS APPROPRIATE

It is well-established that courts may also take judicial notice of publicly available articles and websites when considering a motion to dismiss. RJN 5-6. Indeed, the Second Circuit has noted that such publicly available disclosures are not only judicially noticeable, but are regularly considered on motions to dismiss in securities class actions. *See Finn*, 471 F. App'x at 32 ("courts in this Circuit have taken judicial notice of . . . website disclosures, and media reports[] when considering motions to dismiss for alleged violations of the securities laws"); *Garber*, 347 F. App'x at 669 (similar). This is especially true for information published on government websites, including the FDA website. *Rynasko v. New York Univ.*, 63 F.4th 186, 191 n.4 (2d Cir. 2023) ("When considering a motion made pursuant to Rule 12(b)(6), we may take judicial notice of

---

[6] The RSU Grant Notice is granted pursuant to the Equity Plan (Ex. 11 at 76), and the Equity Plan is incorporated into Mr. Kennedy's Employment Agreement (Ex. 11 at 84).

documents from official government websites[.]"); *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 60 (2d Cir. 2016) (taking judicial notice of publicly available FDA guidance).

Unable to overcome this well-established precedent, Plaintiffs again accuse Defendants of presenting the news articles and FDA press release referenced in the Motion to Dismiss for the "truth" of their contents. Opp. 3. Not so. These articles are cited to convey publicly available information that would have been known to investors at the time of Defendants' statements, including the challenged statements in the TAC. *See, e.g.*, MTD 5 n.3 (article reflecting public optimism for FDA regulatory approval of cannabis); MTD 7 n.8 (article reflecting that Mr. Kennedy had publicly announced that Privateer would continue to hold shares after the lockup); MTD 8 n.10 (article reflecting continued public optimism for FDA regulatory approval); MTD 8 n.11 (FDA press release that CBD would not be "generally recognized as safe"); MTD 10 n.12 (article reflecting public sentiment that Canadian cannabis market would not grow as expected). "In conducting [a Rule 10(b)] inquiry, we ask whether the statements and omissions taken together and in context, would have misled a reasonable investor." *Loc. #817 IBT Pension Fund v. XPO Logistics, Inc.*, No. 21-986, 2022 WL 2358414, at *2 (2d Cir. June 30, 2022). "[P]laintiffs may not cherry pick certain public statements for [their] complaint and divorce them from the universe of disclosed information to [] allege fraud." *Greco v. Qudian Inc.*, No. 1:20-CV-577-GHW, 2022 WL 4226022, at *8 (S.D.N.Y. Sept. 13, 2022); *Kraft v. Third Coast Mistream*, No. 19-CV-9398-LJL, 2021 WL 860987, at *13 (S.D.N.Y. Mar. 8, 2021) (same).

Accordingly, the Court should consider the publicly available news articles and FDA press release when considering Defendants' Motion to Dismiss.

## CONCLUSION

Based on the foregoing and the RJN, Defendants respectfully request that the Court consider and/or take judicial notice of Exhibits 1-21 to the Greene Declaration, and all other

materials referenced in Defendants' Motion to Dismiss and RJN, when deciding Defendants' Motion to Dismiss.

Dated: January 26, 2024                              Respectfully submitted,

                                                    **BAKER & HOSTETLER LLP**

                                                    By:     /s/ Douglas W. Greene
                                                            Douglas W. Greene (*pro hac vice*)
                                                            dgreene@bakerlaw.com
                                                            Genevieve G. York-Erwin
                                                            gyorkerwin@bakerlaw.com
                                                            Zachary R. Taylor
                                                            ztaylor@bakerlaw.com
                                                            45 Rockefeller Plaza
                                                            New York, NY 10111
                                                            Telephone: 212.589.4200

                                                            *Attorneys for Defendants*